Sonnett *v.* Stowe Twp., Appellant.

Argued October 13, 1930.

Before Trexler, P. J., Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Harold E. McCamey* of *Dickie, Kier and McCamey,* for appellant, cited: Fekete v. Coal Co., 71 Pa. Superior Ct. 231; Hutno v. Coal & Navigation Co., 270 Pa. 14.

*E. A. Sefler,* and with him *Harry J. Thomas, Louis J. Bloch* and *John D. McIntyre,* for appellee, cited: Enders v. Enders, 164 Pa. 266; Kuhn v. Buhl, 251 Pa. 348.

OPINION BY LINN, J., December 12, 1930:

Stowe Township appeals from a compensation award to the widow and children of a member of a volunteer fire company of the township. Its brief states that no facts are in dispute. There was a fire in Heidelberg Township—about 9 miles from Stowe Township —of such magnitude as to result in "a general alarm or call for help." The chief of police of Stowe Township received the call and advised Eckert, who was chief of the volunteer fire department of the township, of the call; Eckert ordered two of his companies to go to the fire. Claimant's husband was a member of one of the companies so ordered, and was instructed by Eckert "to go on No. 2 truck and show them the road." He complied and after having gone about two miles from the Stowe Township line, the truck left the road and upset; a number of firemen were injured and several were killed. Proceedings under the Workmen's Compensation Act were brought against Stowe Township on behalf of all claimants and were opposed

by the township's insurance carrier. In the first instance, it was contended by the insurer that the statute was unconstitutional, and that in any event, the fireman was an employee loaned by Stowe Township to Heidelberg Township. Both contentions seem to have been abandoned, and the questions involved are now in appellant's brief stated to be; 1, the authority of the chief, Eckert, "to send a fire company outside the limits of Stowe Township;" and 2, whether "a volunteer fireman [is] an employee" under the Act of May 14, 1925, P. L. 714, while "answering a fire in a district ten or twelve miles distant" in the circumstances appearing in evidence. The referee found for claimant; the board agreed, and on appeal, the common pleas affirmed and entered judgment for decedent's dependents for sums aggregating $8,102.14 payable as required by the statute.

1. Stowe Township is of the first class and has a volunteer fire department composed of four companies. Eckert was fire chief, elected by a joint meeting of the four companies. Following his election by the companies; he was (in the words of the compensation board) "duly appointed [by the township commissioners] chief of the fire department of Stowe Township ......having full authority to exercise his own judgment in handling all fires." That finding was based on the statement of the township clerk, a statement that was only "objected to in so far as it purports to give this man authority for anything outside of Stowe Township; the commissioners of that township not having authority beyond its limits." An ordinance of 1906 was put in evidence, entitled "An ordinance covering the fire department and regulating the same in the management of fires in Stowe Township and providing for the election of a clerk." It provided that the fire department annually elect a chief and

assistant chief and certify such election to the commissioners. Eckert was so chosen. There is evidence that the fire company was incorporated, though its charter was not put in the record. Eckert testified he had been given "full authority to order" out any or all of the companies, and that pursuant to that authority he "sent two pieces [fire extinguishing apparatus] on the way to the Heidelberg fire,"—"a combination pumper, hose and pump." As has been stated, the call to send assistance was given to him by the captain of the Stowe Township police, who received the alarm over the telephone and sounded "the siren." There is evidence by a number of witnesses that it was customary in the community for volunteer fire departments of one municipality to assist those of another; the general alarm from Heidelberg Township was given by a witness who testified that he did so pursuant to "orders I got from the fire marshall" of Allegheny County. There is nothing in the record to contradict this evidence of general practice. On this point, the Act of May 2, 1925, P. L. 494 shows legislative recognition of a custom (of which there is evidence in this case and also in Sames v. Perkasie, 100 Pa. Superior Ct. 402, originating in early colonial times according to which volunteer fire departments of one municipality assisted those of another in emergencies: (see Scharf and Westcott's History of Philadelphia, Vol. III, pp. 1883, et seq.). That statute authorizes a municipality "to secure insurance or compensation for voluntary firemen killed or injured while going to or returning from or attending fire in said municipality or territory adjacent thereto." As something is said by appellant about the meaning of the word "adjacent" it may be noted in passing that the important phrase is "territory adjacent thereto" and not the word "adjacent" alone;

the possible activity of the firemen was not, in legislative contemplation, limited to an "adjacent" municipality but to one in adjacent territory. There may of course be cases in which there may be a question whether the service was in adjacent territory, but in this case, the evidence fully supports the conclusion underlying the award that the claimant's husband was "going to" a fire in "territory adjacent" to Stowe Township within the meaning of the legislation. The referee and the board are therefore supported in their finding of fact that Eckert had authority to send the two companies with their equipment to assist in extinguishing the fire.

2. The Workmen's Compensation Act (1915, P. L. 736) contained a definition of "employee" for the purposes of the system; that definition was enlarged by the Act of May 14, 1925, P. L. 714, as follows: "That in addition to those persons included within the definition of the word employee, as defined in section one hundred and four of the act to which this is a supplement, there shall be included all members of volunteer fire companies of the various cities, boroughs, incorporated towns, and townships, who shall be and are hereby declared to be employes of such cities, boroughs, incorporated towns, townships for all the purposes of said act, and shall be entitled to receive compensation in case of injuries received while actually engaged as firemen or while going to or returning from any fire which the fire companies of which they are members shall have attended." By the act, Sonnett, a member of a volunteer fire company of Stowe Township, became an employee of the township, and he and his dependents, as defined in the act, became entitled to compensation "in case of injuries received while actually engaged as fireman or while going to ....... any fire ......" The evidence has been sufficiently stated to show that Sonnett was performing

a fireman's duty pursuant to the instructions of his superior when the accident occurred; the referee and the board were therefore justified in finding that he was injured "while in the course of his employment with the defendant," and died of the injury. See also Sames v. Perkasie, this day decided.

The judgment is affirmed.