Versellesi *v.* Elizabeth Township et al., Appellants.

Argued April 12, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*David M. Kaufman,* with him *Leonard H. Krieger,* of *Krieger & Kaufman,* for appellants.

*Samuel A. Weiss,* with him *H. I. Hoffman,* for appellee.

OPINION BY BALDRIGE, J., July 1, 1939:

The dispute in this appeal is confined to the sole legal question, whether the evidence sustained the finding of fact that Joseph Versellesi was in the course of his employment at the time he sustained an injury.

The claimant, on October 14, 1936, was fire chief of the Boston Volunteer Fire Company operating in Elizabeth Township. At that time there existed a fire house which accommodated all the fire apparatus. Some time previous to the day of the accident, the fire company voted to enlarge the fire house and the members volunteered their services for that purpose. It is quite apparent that the addition was not intended to house more equipment, but to accommodate the members of the fire company which was getting larger and the ladies' auxiliary, and provide adequate room for sup-

pers and social events. The claimant was questioned as follows: "As a matter of fact, wasn't the reason for this addition to accommodate you at social functions? A. Partly, and of course also to make room for our meetings there. That is the way we get the money to operate the fire company outside of the donation the township gives us." The board of township commissioners had no supervision or control over the construction of this addition to the fire house and the fire company's action was not approved by them until after the date of the accident.

The claimant, while working on the roof of this addition, was struck in the left eye by a piece of steel from the hatchet he was using, as a result of which the eye was removed. The referee and the board found that he was injured in the course of his employment as a volunteer fireman and awarded compensation under section 306(c) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, amended April 13, 1927, P. L. 186 (77 PS §513). The board affirmed, with a few minor changes, the findings of fact and conclusions of law of the referee and awarded compensation. Its action was sustained by the court, and from the judgment entered thereon this appeal was taken.

Courts can sustain only awards that are granted by virtue of legislative enactments. The right to compensation in this case depends upon the construction of the Act of Assembly approved May 14, 1925, P. L. 714 (77 PS §23), which is a supplement to the Workmen's Compensation Act of 1915, and reads as follows:

"In addition to those persons included within the definition of the word 'employe,' as defined in section one hundred and four to which this is a supplement, there shall be included all members of volunteer fire companies of the various cities, boroughs, incorporated towns, and townships who shall be and are hereby declared to be 'employes' of such cities, boroughs, incorporated towns, townships for all purposes of said act,

and shall be entitled to receive compensation in case of injuries received while actually engaged as firemen or while going to or returning from any fire which the fire companies of which they are members shall have attended."

We have very properly given a liberal interpretation to this act. We sustained compensation where a volunteer fireman was killed when thrown from a fire truck while on its way to extinguish a fire in an adjoining township. See *Sonnett v. Stowe Township,* 100 Pa. Superior Ct. 397. In *Sames v. Borough of Perkasie et al.,* 100 Pa. Superior Ct. 402, a member of the fire department was responding to a call which he was entitled to assume was for fire duty but which proved to be for the purpose of engaging in a fire drill outside the borough. He was fatally injured when the fire truck was ditched beyond the borough limits. We decided that was a compensable case. In *Barclay-Westmoreland Trust Co. v. Borough of Latrobe,* 131 Pa. Superior Ct. 513, 200 A. 271, a member of the volunteer fire company, while obeying orders from his chief to aid in rescue work during a flood, was drowned. We held that the deceased was engaged at the time of death in the course of his employment and that his beneficiaries were entitled to compensation.

We are now asked to give a much broader construction than was necessary in those cases. This claimant was not actually engaged as a fireman at the time of the accident; no emergency, either apparent or real, existed that required his services; he was not doing any work in connection with the apparatus or equipment itself; nor was he going to or from a fire. He was engaged in a building enterprise, so that larger and probably more convenient accommodations would be had for social functions to be held in the fire house. The most liberal interpretation of this statute does not justify the conclusion that the legislature intended that injuries received by a member of a volunteer fire com-

pany while roofing a building, even though it housed the fire apparatus, were within its purview. We are confined to determining the meaning of an act of assembly as written. We cannot add thereto or extend its scope to include a claim that clearly does not come within its provisions, however meritorious it may seem to be.

We are all of the opinion that there was no competent evidence in this record to justify the finding that claimant was in the course of his employment as a fireman at the time he sustained the injury.

Judgment is reversed and entered for defendants.