DeFelice et al. *v.* Jones & Laughlin Steel Corp., Appellant.

Argued April 19, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*William A. Challener, Jr.,* with him *Frank McC. Painter,* and *William A. Challener,* for appellant.

*Lawrence M. Sebring,* for appellee.

OPINION BY CUNNINGHAM, J., September 29, 1939:

This appeal by an employer in a workmen's compensation case from a judgment entered by the Common Pleas of Beaver County, upon an award by the board to the parents of an employee accidentally killed in the course of his employment, arose out of the state of facts recited in the preceding appeal by the same appellant to No. 68 April Term, 1939, from a judgment of the Common Pleas of Allegheny County.

The only additional testimony taken in support of the claim of the parents related to the extent of their dependency upon the decedent. As counsel for the employer concede partial dependency—the basis of the award—this testimony need not be reviewed.

From what we have said in the opinion reversing the judgment in favor of the illegitimate daughter of the deceased employee it follows that the present judgment in favor of his parents should be affirmed. It is supported by a clear and comprehensive opinion written for the court below by READER, P. J., in which he has, inter alia, considered and distinguished all the cases relied upon by the Common Pleas of Allegheny County.

We quote with approval the concluding paragraph of Judge READER'S opinion: "The courts of our Commonwealth have construed and applied the Workmen's Compensation Act liberally to effect its purpose. It is to be observed, however, that there is no public policy of the Commonwealth as to compensation of injured employees except that which is stated in the act. The persons entitled to compensation, the circumstances under which the right arises, the procedure to establish and enforce the right, are governed wholly by the act. Like all other acts of assembly it must be interpreted in accordance with sound and well established legal principles. This course may result in occasional hardship in particular cases, but immeasurably greater

hardship will be imposed upon the public at large by abandoning such principles. There is no justification in law or assumed public policy for giving to the word 'child' as used in the compensation law a meaning which it has never heretofore been given as used in deeds, wills, other like instruments, or other statutes. If larger provision should be made for illegitimate children in our workmen's compensation system, that provision should be made by the legislature."

Judgment affirmed.