Shindledecker *v.* New Bethlehem Borough et al., Appellants.

Slaugenhoup *v.* New Bethlehem Borough et al., Appellants.

Mateer *v.* New Bethlehem Borough et al., Appellants.

Cowan *v.* New Bethlehem Borough et al., Appellants.

Argued April 15, 1941.

.Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*H. E. McCamey*, of *Dickie, Robinson & McCamey*, with him *William W. Matson*, for appellants.

*Theo. L. Wilson*, with him *Leslie R. Himes*, for appellees.

OPINION BY HIRT, J., June 30, 1941:
The question in these appeals is whether four mem-

bers of a volunteer fire company were protected by the amending Act of May 14, 1925, P. L. 714, the legislation then in force, making a borough liable for compensation for accidental injury to members of its volunteer fire company within the definite limitations set forth in the act.

The facts are not in dispute. Decedent, the husband of Florence M. Slaugenhoup and the three other claimants were members of a volunteer fire company of the Borough of New Bethlehem. This company was associated with ten other like volunteer companies of neighboring towns and boroughs in an organization known as the Mutual Firemen's Association, the purpose of which was to further the interests and promote the efficiency of its constituent member companies. An annual convention was of importance in the association's program as a means of accomplishing its purpose and the Borough of New Bethlehem was designated as the place for the convention of 1936. By the rules of the association, the sponsoring borough assumed the entire financial responsibility and in return was entitled to the net financial profits of the convention. To stimulate advance interest in the convention and to insure a large attendance and a corresponding financial profit, the New Bethlehem Company had directed its convention committee to visit each of the companies in the association. W. Paul Slaugenhoup and three other members of that committee, in the early morning of March 9, 1936, were returning from a meeting with the volunteer fire company at Emlenton, when the automobile in which they were riding crashed in the fog into another car. In the accident Slaugenhoup was killed and the three other claimants were injured. The convention held later in New Bethlehem made a profit of $1,185.45 for the benefit of the volunteer company of the borough.

The referee denied compensation but the board reversed, on its substituted finding that these members were "then actually engaged as firemen." The lower

court took the view that because they were engaged solely in company affairs at its direction at the time of the accident, these members in effect were statutory employees of the borough entitled to compensation under the act and accordingly entered judgments on the awards. We are unable to agree with the board that the application of the act can be so extended nor with the court as to the test to be applied.

Many kinds of gratuitous services are accepted by a borough from its citizens, among them the services of its volunteer firemen. Parades, exhibitions, conventions and the like, all, directly or indirectly, contribute to the efficiency of a volunteer fire company and to the benefit of the borough. But they who thus give of their service do not, thereby, become employees of the borough. Liability for compensation without negligence on the part of the borough can arise only by virtue of statutory enactment. There is no public policy of the Commonwealth as to compensation except as expressed in the compensation statutes. *DeFelice v. J. & L. Steel Corp.,* 137 Pa. Superior Ct. 191, 8 A. 2d 465. Courts can sustain only such compensation awards as are within the scope of the liability so imposed by the legislature. *Versellesi v. Elizabeth Twp. et al.,* 136 Pa. Superior Ct. 362, 7 A. 2d 381. By the amending Act of 1925 members of volunteer fire companies of boroughs were included within the definition of "employes" under the Compensation Law, not generally, but only "while actually engaged as firemen or while going to or returning from any fire which the fire companies of which they are members shall have attended." Injury, to be compensable, must have occurred within the restricted circumstances which alone give rise to the right under the act. Casual injuries incident to other activities of the volunteer fire company were not contemplated by the act, except to be excluded by necessary implication as risks which must continue to be assumed by the members.

·There is evidence in subsequent amendments that the legislature itself so construed the act. The amendment of June 4, 1937, P. L. 1552, §104(b), 77 PS 22, extended its protection to volunteer firemen "while performing any other duties of such companies." But the legislature in 1939, 77 PS 22a repealed this provision and by reenacting the 1925 act again imposed liability for injury within the same narrow limits applicable to these appeals.

The act has been liberally construed, as it must be, to accomplish the purpose of the legislation. *Sonnett v. Stowe Twp.,* 100 Pa. Superior Ct. 397; *Sames v. Borough of Perkasie,* 100 Pa. Superior Ct. 402; *Barclay-Westmd. Tr. Co. v. Latrobe Boro.,* 131 Pa. Superior Ct. 513, 200 A. 271. But even a most liberal construction cannot bring claimants within the benefits of the act. Its clear language necessarily excludes liability for compensation, as applied to these appeals, except to members "while actually engaged as firemen." One promoting a convention is not so acting and though these members undoubtedly were furthering the interests of their company and of the borough, there is no foundation in law for the awards in these cases.

Judgments reversed and directed to be entered for the defendants.