Opinion by
 

 Keller, P. J.,
 

 This workmen’s compensation case, brought by the dependent mother of a volunteer fireman, is ruled in principle by our decision in
 
 Lees v. State Workmen’s Insurance Fund and Borough of Ferndale,
 
 146 Pa. Superior Ct. 70, 22 A. 2d 61, (Appeal refused by the Supreme Court, November 26, 1941). The facts in this case bring it squarely within the hypothetical example suggested by us in the Lees case, as follows: “If the fire had broken out in Lees’ home after he was in bed and asleep, and he had been killed in an attempt to fight his way out of the burning house, could it be seriously contended that in so doing he was acting as the servant or employee of the borough [or township]
 
 *383
 
 rather than as an individual bent on escaping the fire.” It is but fair to state that the award and judgment in this case were entered before our decision in the Lees case was filed.
 

 We have read the testimony in this case carefully and find no competent evidence in it to support a finding that when John P. Connolly, the claimant’s son, stumbled out of the front door of the house, of which he had been the sole occupant that night, and fell into the hedge, so badly burned that he died eight hours thereafter, he had been engaged in fighting or “putting out” the fire in his house
 
 as an employee
 
 of the Township of Lower Chichester, or even that he had been fighting the fire further than was necessary and incidental to his endeavor to save his own life. He was not seen by anybody in the first floor front room where the flames were apparently fiercest. In fact, no one saw him until he stumbled out onto the porch and fell.
 

 When the fire was first discovered by neighbors, Connolly was apparently sleeping heavily in the second story front room. That there was some fire in that room is beyond dispute. It was seen there by neighbors (p. 57a) and the walls were blistered and smoked. Whether on awaking and seeing the fire he became confused and was burned while endeavoring to find his way out, cannot be said with certainty, but his mother, the claimant, who saw him soon after he was taken to the hospital, testified: “My son told me that the fire woke him up and then, suddenly, the whole room was on fire, and that he was lucky to get out alive.” He said practically the same thing, too, to J. J. Crowley, claimant’s witness.
 

 In order to entitle the claimant to compensation the burden was on her to prove that her son was killed while he was
 
 acting as a volunte-er fireman
 
 of the defendant township, and in the
 
 performance of Ms duties as such fireman
 
 and in consequence of his membership in the volunteer fire company. We find nothing in the evi
 
 *384
 
 deuce to justify a finding that he did anything in the burning house that he would not have done if he had not been a member of the volunteer fire company, or to support the conclusion that when he received the burns resulting in his death he was acting in the capacity of an employee of the township.
 

 In view of the foregoing, the other question involved becomes immaterial, but we are also of the opinion that the evidence does not justify a finding that the claimant was
 
 totally
 
 dependent on her deceased son.
 

 Before he got a job in the post office, during the previous year, 1938, the mother was supported by her daughter, Alice, who then lived in the same house with her mother and brother. The house belonged to the mother and all the children as tenants in common. After John, (the deceased), got his job he paid his net earnings to his mother, but Alice paid her $10 a week. While claimant’s counsel put statements into her mouth, that he had no right to do, she testified that it cost her $15 to $18 a week for the boarding of all three, and that she did not know how much of Alice’s $10 a week went for her board. Some of it went for the “home and comforts.” After John’s death, Alice supported her as she had done before John got his job. In these circumstances, it cannot be said that the mother was
 
 totally
 
 dependent on her son, John. The dependency was rather
 
 partial,
 
 but in view of our disposition of the main issue, it is unimportant.
 

 The judgment is reversed, the award is set aside and judgment is now entered for the State Workmen’s Insurance Fund and the Township of Lower Chichester.