## Smith v. Perkasie Borough

*J. L. Grim*, for plaintiff.

*Achey & Power*, for defendant.

KELLER, P. J., August 20, 1951.—This is an appeal by claimant from the decision of the Workmen's Compensation Board reversing certain of the referee's findings of fact, conclusions of law and order, and disallowing compensation and dismissing the claim petition of claimant Bentley G. Smith.

The facts are not in dispute. On October 19, 1948,

claimant, Bentley G. Smith, was a member of a volunteer fire company in the Borough of Perkasie and was engaged in the collection of waste paper throughout the borough to be sold for the purpose of buying and maintaining equipment of the fire company. While so engaged, he fell from a truck and suffered head injuries which disabled him from October 19, 1948, to February 1, 1949, and required hospital and medical treatments.

The referee found that, at the time of the accident, claimant was an employe of defendant borough and that the accident occurred while he was engaged in the course of his employment duly authorized by the Borough of Perkasie. On appeal, the compensation board, in reversing the referee, found that claimant at the time he met with this accident was not engaged in work authorized by defendant borough; that the borough council had not authorized the volunteer fire company to collect waste paper, although collection had been made for some years prior to 1948. The board concluded that the Borough of Perkasie had not authorized the members of the Perkasie Volunteer Fire Company to make collection of waste paper throughout the borough before October 19, 1948; that claimant, on October 19, 1948, was acting as a member of the Perkasie Volunteer Fire Company and was not an "employe" of the Perkasie Borough within the provisions of The Workmen's Compensation Act; and that, since he was not in the employ of the Perkasie Borough on that date, he is not entitled to compensation under the provisions of The Workmen's Compensation Act.

With reference to the resolutions of the borough council passed subsequent to the occurrence of this accident, to wit, May 10, 1949, and June 6, 1949, purporting to validate the collection of papers as of a date prior to the occurrence of the accident on October 19,

1948, the board expressed its opinion that, while said resolutions might be valid as to subsequent collections, they could not validate previous unauthorized activities of the fire company and could not, therefore, bring claimant within the act; that official action by the borough authorities was required before the alleged accident, and that such authority may not be implied from knowledge of an activity or from past accustomed activities.

We are in accord with the board's reasoning and conclusions. Claimant was only a limited or provisional employe of the Borough of Perkasie on the day of the accident. He was a member of the Perkasie Volunteer Fire Company and was entitled to compensation only if he was accidentally injured while, as such employe, he was actually engaged as a fireman or while going to or returning from any fire which the fire company of which he was a member attended, or while performing any other authorized duty of such company: Wittlinger v. Millersville Borough et al., 167 Pa. Superior Ct. 231, 234.

The eligibility of volunteer firemen to the benefits of workmen's compensation is purely statutory, and liability for compensation without negligence on the part of the borough can arise only by virtue of statutory enactment: Shindledecker et al. v. Borough of New Bethlehem et al., 145 Pa. Superior Ct. 77; Lees v. State Workmen's Insurance Fund et al., 146 Pa. Superior Ct. 70.

Under The Workmen's Compensation Law, as originally enacted on June 2, 1915, P. L. 736, members of volunteer fire companies were not included within the definition of employes as therein defined. They were first brought under the provisions of the workmen's compensation laws by the Act of May 14, 1925, P. L. 714, which provides that they were to be considered as employes of cities, boroughs, etc., "while actually

engaged as firemen or while going to or returning from any fire which the fire companies, of which they are members, shall have attended."

By the amendment of June 4, 1937, P. L. 1552, this protection was extended to volunteer firemen "while performing any other duties of such companies". This amendment was subsequently repealed by the Act of June 21, 1939, P. L. 566, and the limitations of the Act of 1925 were again reënacted. The Act of 1915 was again amended by the Act of July 2, 1941, P. L. 222, 77 PS §22 (a) which is now in effect, and restores the provision concerning the performance of "other duties" by adding the following: "or while performing any other duties of such companies or fire departments authorized by such cities, boroughs, incorporated towns and townships."

It is a reasonable conclusion that the legislature, by repealing the provision giving protection to a volunteer fireman "while performing any other duties of such company" and then reënacting it and limiting it to "duties authorized", intended that there should be specific authorization of those other duties performed by a fireman while not actually engaged as such or while going to or returning from any fire which he attended, to bring him within the designation as "employe" under the provisions of The Workmen's Compensation Act.

Claimant conceded that there had been no prior authorization by the borough to the fire company to collect the waste paper, but he contends that there was an implied authority to do so, because these collections had been carried on over a period of years without any objections made thereto by the borough, which implied authority having been subsequently ratified by an ordinance after claimant had met with the accident, was sufficient to impose liability upon the borough under The Workmen's Compensation Act and

that it is now estopped from making any defense thereto. In Shindledecker v. New Bethlehem Borough et al., supra, where members of a volunteer fire company were killed in an automobile accident while in the course of promoting a convention of the volunteer fire company of defendant and other boroughs, the court, in deciding that they were not within the protection of the Act of 1925, supra, making a borough liable for compensation for accidental injury to members of its volunteer fire company within the definite limitations set forth in the act, stated as follows (p. 80) :

"Many kinds of gratuitous services are accepted by a borough from its citizens, among them the services of its volunteer firemen. Parades, exhibitions, conventions and the like, all, directly or indirectly, contribute to the efficiency of a volunteer fire company and to the benefit of the borough. But they who thus give of their service do not, thereby, become employees of the borough."

In the recent case of Wittlinger v. Millersville Borough et al., supra, in which claimant, a member of a volunteer fire company in the employ of the borough was injured while assisting fellow firemen at the request of the president of the company, to return bleacher stands from the fire company's premises to the township high school, which stands had been borrowed from the school district to be used by the fire company in connection with a festival sponsored by it to raise money to carry out its functions as a volunteer fire company, and the burgess had "permitted" the holding of the festival and the municipal authorities had not "objected" to the affair, the court, in refusing compensation as to claimant, held that since claimant was not actually engaged as a fireman at the time he suffered his injury, it was incumbent upon him to show that at the time of his injury he was

performing a "duty" of the fire company and that such duty was "authorized" by the employer. The court further stated:

"It is in evidence that the burgess had 'permitted' the holding of the festival and that the municipal authorities had not 'objected' to the holding of the affair."

However, by no extension of the well established principle that The Workmen's Compensation Act is to be liberally construed can it be said that such evidence constitutes "authorization" by the borough so as to impose liability upon it as an "employer". This, in our opinion, clearly refutes claimant's contention in the instant case that there was such implied authorization of his employment as to make the borough liable.

We are also in full accord with the board's conclusion that the passage of the two ordinances or resolutions by the borough council subsequent to claimant's accident, purporting authority to the fire company for the collection of waste paper as of the date of the accident, was invalid and ineffective to bring claimant within the compensation act.

At the argument defendant insurer raised objection as to the validity of these ordinances or resolutions. Copies of the same, as contained in the notes of testimony, reveal that they were never signed or approved by the burgess. We are inclined to agree with defendant that these ordinances or resolutions are of doubtful validity. The making of a contract by a borough is a legislative act which must be by appropriate order or resolution with the concurrence of the burgess. The law is well settled, and requires no citations to support it, that a borough ordinance providing for the creation of liability by contract, is legislative, as distinguished from ministerial, and falls within the statutory requirements, including its submission to the burgess for approval. We see no necessity of any extended dis-

cussion of this question, because we are clearly of the opinion that claimant has not brought himself within the scope of liability imposed upon municipalities by The Workmen's Compensation Act and, therefore, his appeal must be dismissed.

And now, August 20, 1951, this appeal is dismissed and the order of the Workmen's Compensation Board is affirmed.