INSURANCE FOR VOLUNTEER FIREFIGHTERS Senate Bill 3, enacted in the First Regular Session of the Thirty fifth Oklahoma Legislature, now codified at 11 O.S. 16.4 [11-16.4] (1975), requires every city or town in the State to provide insurance for fire department employees while in the performance of their duties, as well as other municipal employees and officials while in the performance of duties constituting a governmental function of the municipality. A question of fact exists regarding whether volunteer firefighters can be considered employees of the municipality to whom their services are rendered and your question cannot be answered as a matter of law to the extent of the existence of such fact question. Where the firefighter receives no compensation for his services in any form, the city would not be required to provide insurance under Senate Bill No. 3. Where any form of compensation is received, however, the particular circumstances may render the firefighter an employee of the city and in such event, insurance must be provided. The Attorney General has considered your request for an opinion on the question of whether under the terms of Senate Bill 3, enacted in the First Regular Session of the Thirty-fifth Oklahoma Legislature (1975), cities and towns in the State must provide insurance for non-paid volunteer firefighters. Senate Bill 3, enacted in the First Regular Session of the Thirty-fifth Oklahoma Legislature, now codified at 11 O.S. 16.4 [11-16.4] (1975) provides: "Every city or town shall provide liability insurance, or self insurance, in no less an amount than Ten Thousand Dollars ($10,000.00) one person, Twenty Thousand Dollars ($20,000.00) two or more persons, each occurrence for bodily injury and Five Thousand Dollars ($5,000.00) property damage, each occurrence, to compensate persons for bodily injury or property damage proximately caused by any negligent act of a fire department employee while in the performance of his duties, police department employee while in the performance of his duties or other municipal employees and officials while in the performance of duties constituting a governmental function of the municipality. The governmental immunity to tort action of a city shall be waived to the extent of the amount of insurance or city provided self-insurance authorized and required herein, but in no case shall such immunity be waived in excess of the coverage, force or effect of such insurance. To the extent that an insurer has provided indemnity for the said employees or any of them for acts proximately caused by the negligence of such employee the said insurer may not, in an action, claim the governmental immunity of a city as a defense. A jury verdict that exceeds the maximum amount of applicable insurance authorized and directed herein shall be reduced by the judgment or award of the court to the applicable limits of coverage authorized and directed herein." (Emphasis added) The effect of Senate Bill 3 is to impose a requirement on cities and towns to insure against negligent acts of municipal employees while in the performance of duties constituting a governmental function of the municipality and to waive governmental immunity to tort action to the extent of the insurance provided. Your question can thus be resolved with a determination of whether volunteer firemen can be considered employees of the city or town to whom they render their services. It has been held in other jurisdictions that generally, volunteer firemen are not employees of the municipality. 62 C.J.S. Municipal Corporations, 595. The Pennsylvania Supreme Court has considered the question of whether a paid driver in a volunteer fire department was an employee of the city or only of the volunteer fire company whose apparatus he drove. The Court reasoned that inasmuch as the individual was not appointed by the city council, his position was not established by any council ordinance, and he was not paid by the city nor discharged by it, it was clear that the individual was never in fact an employee of the city. Steffy v. City of Redding, 46 A.2d 182 (Pa. 1946). In an earlier case, the Pennsylvania Court had held that volunteer firemen rendering gratuitous services to a borough do not become thereby employees of the borough. Schindledecker v. Borough of New Bethlehem, 20 A.2d 867
(Pa. 1941). Conversely, the California Supreme Court has held that a volunteer member of a county hospital staff is a county employee for the purposes of being immune from suit by indigent patients. Chavez v. Sprague, 209 C.A.2d 101, 25 Cal.Rptr. 603. In Chauez, the Court reasoned that the volunteer member's work in the hospital was supervised and managed by the Board of Supervisors, the Board created for the purpose of establishing and maintaining the county hospital, and therefore he was a county employee. The term "volunteer fireman" is defined at Section 348 of the Oklahoma Volunteer Firemen's Act, as one who is enrolled as a member of a fire department and who serves in said capacity without receiving a regular salary. 11 O.S. 348 [11-348] (1971). We are advised that certain municipalities within the State provide compensation in the nature of clothing allowances on a per run basis to volunteer members of the fire departments in those cities. That a municipality could compensate its volunteer firefighters should it choose to do so is clear. Title 62 O.S. 304 [62-304] (1971) provides that the regular personnel of any agency of any county, city, town, school district or board of education, may be certified to the governing board thereof for payment on a pay-roll claims form, and filed with the clerk thereof as are other claims, in the amount herein provided. Section 62 O.S. 304.1 [62-304.1] furthermore defines regular personnel as being those persons whose appointment or employment or election, whether on full or part-time basis, together with the rate of pay unless the same be fixed by law, has theretofore been confirmed or otherwise fixed by the governing board, in each instance, and entered in its journal of proceedings or by separate contract of employment properly authenticated and filed of record. The term "employee" is defined in Webster's as one employed by another usually for wages or salary and in a position below the executive level. It is clear that the definition is broad enough to include one who receives wages or salary in any amount in return for his services. The definition of volunteer fireman under the Oklahoma Volunteer Firemen's Act is broad enough to include all enrolled members of a fire department who receive anything less than a "regular" salary. It is therefore apparent that the two definitions are not necessarily mutually exclusive. One could conceivably receive a wage or salary and thereby be an employee of the city, yet, if such wage or salary were anything less than a "regular" salary, such an employee could also be a volunteer fireman. It is acknowledged that under the provisions of 11 O.S. 345 [11-345] (1975), volunteer firemen are eligible to participate in the state-created and supported pension program upon the conditions of service therein imposed. In another piece of legislation enacted by the Thirty-fifth Oklahoma Legislature in its First Regular Session, the Legislature restricted the number of volunteer members that any fire department may have on its rolls to no more than 20. 11 O.S.Supp. 1975, 364b. The reasons for the Legislature so doing are not clear. However, it might be argued that the Legislature did so in recognition of the effect volunteer firefighters might have on the Firemen's Relief and Pension Fund or in recognition of other liabilities that could potentially inure to municipalities in the State by the actions of volunteer firefighters. It is, therefore, the opinion of the Attorney General that your question should be answered as follows: Senate Bill 3, enacted in the First Regular Session of the Thirty-fifth Oklahoma Legislature, now codified at 11 O.S. 16.4 [11-16.4] (1975), requires every city or town in the State to provide insurance for fire department employees while in the performance of their duties, as well as other municipal employees and officials while in the performance of duties constituting a governmental function of the municipality. A question of fact exists regarding whether volunteer firefighters can be considered employees of the municipality to whom their services are rendered and your question cannot be answered as a matter of law to the extent of the existence of such fact question. Where the firefighter receives no compensation for his services in any form, the city would not be required to provide insurance under Senate Bill No. 3. Where any form of compensation is received, however, the particular circumstances may render the firefighter an employee of the city and in such event, insurance must be provided. (William Don Kiser)