Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Robert Kowatch *v.* Mahoning Township Supervisors, Bristol Associates and IM Incorporated. Mahoning Township Supervisors, Appellant.

Argued December 4, 1975, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Joseph A. Murphy,* with him *John R. Lenahan,* and *Lenahan, Dempsey & Murphy,* for appellant.

*Robert H. Holland,* for appellee, Bristol Associates.

*Robert Lazorchick,* with him *Scott & Lazorchick,* for appellee, Kowatch.

OPINION BY JUDGE BLATT, April 1, 1976:

This is an appeal by the Mahoning Township Supervisors (Township) from a decision of the Workmen's Compensation Appeal Board (Board) affirming the referee's award of benefits to the claimant, Robert Kowatch.

The claimant, a volunteer fireman, was on the infield area of the Mahoning Speedway on July 21, 1972 when a stock car struck a pole, causing the pole to strike and injure the claimant. IM Incorporated (IM) was the lessee and operator of the speedway which was located in Mahoning Township on property owned by Bristol Associates (Bristol), and the claimant was present there as a member of the Mahoning Valley Volunteer Fire Company (Fire Company) with which IM regularly arranged to have volunteer firemen and township fire equipment present when car races were being held. IM paid twenty-five dollars to the fire company's fund for each night of attendance and also paid for the refilling of any discharged fire equipment.

In workmen's compensation cases, our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed or a necessary finding of fact was not supported

by substantial evidence. *Dunlap v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 19, 330 A.2d 555 (1975) ; *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

The issue involved here is whether or not the claimant was an employee of the township under the Workmen's Compensation Act[1] (Act) when he was injured, and, when the accident occurred, the Act provided in part as follows:

> "within the definition of the word 'employe' . . . there shall be included all members of . . . volunteer fire companies . . . of the various . . . townships, who shall be and are hereby declared to be 'employes' of such . . . townships, for all the purposes of said act, and shall be entitled to receive compensation in case of injuries received *while actually engaged as . . . firemen* or *while going to or returning from any fire* which the fire companies . . . of which they are members shall have attended, or *while participating in instruction fire . . . drills* in which the fire company . . . of which they are members shall have participated, or *while repairing or doing other work about or on the fire . . . apparatus or buildings and grounds* of such fire company upon the authorization of the chief or corps president or other such person in charge, or *while answering any emergency call for any purpose,* or *while riding upon the fire . . . apparatus,* owned or used by the fire companies . . . of which they are members, at any time, or *while performing any other duties of such . . . companies . . . authorized* by such . . . townships. . . ."[2] (Emphasis added.)

---

1. Act of June 2, 1915, P. L. 736, *as amended,* 77 P. S. §1 et seq.

2. Section 1 of the Act of June 21, 1939, P. L. 566, *as amended,* repealed and reenacted by the Act of December 5, 1974, P. L.    , No. 263, 77 P. S. §1031.

The claimant here could qualify for workmen's compensation benefits only if, at the time of his injury, he was: (1) actually engaged as a fireman; or (2) performing other duties authorized by the Township.

In determining whether or not the claimant was actually engaged as a fireman, we look to prior interpretations by our courts of language in similar provisions of the Act. It was held in *Shindledecker v. New Bethlehem Borough,* 145 Pa. Superior Ct. 77, 20 A.2d 867 (1941), interpreting the Act of May 14, 1925, P.L. 714,[3] that the services of volunteer firemen are only one example of gratuitous services received by a borough which contribute to the borough's benefit without the individuals rendering such services becoming employees of the borough. Furthermore, the court said that volunteer firemen are not general employees of a borough and, absent statutory provision, there is no public policy of compensation and compensation awards can be granted only within the scope of liability imposed by statute. The "[i]njury, to be compensable, must have occurred within the restricted circumstances which alone give rise to the right under the act. Casual injuries incident to other activities of the volunteer fire company, were not contemplated by the act, except to be excluded by necessary implication as risks which must continue to be assumed by the members." *Shindledecker, supra,* 145 Pa. Superior Ct. at 80, 20 A.2d at 868. The four volunteer firemen

---

3. Section 1 of the Act of May 14, 1925, P. L. 714, provides, *inter alia,* that "within the definition of the word 'employe' . . . there shall be included all members of volunteer fire companies of the various cities, boroughs, incorporated towns and townships who shall be and are hereby declared to be 'employes' of such cities, boroughs, incorporated towns, townships for all the purposes of said act, and shall be entitled to receive compensation in case of injuries received *while actually engaged as firemen* or *while going to or returning from any fire* which the fire companies of which they are members shall have attended." (Emphasis added.)

concerned there were held not to be "employes" under the Act when they were injured while returning from a meeting which concerned the convention of their volunteer fire company's organization, the Mutual Firemen's Association. This holding prevailed, despite the fact that the association's convention furthered the interests and accomplished the purposes of its member fire companies, for it was held that the four firemen were *not* "actually engaged as firemen" at the time the accident occurred and that there was, therefore, no basis in the statute for a compensation award.

In *Lees v. State Workmen's Insurance Fund*, 146 Pa. Superior Ct. 70, 22 A.2d 61 (1941), it was held that the statutory provision[4] providing that the claimant, a volunteer fireman, must be actually engaged as a fireman or performing other duties of the fire company to fall within the statutory provision for compensation must be strictly construed.[5] In *Lees, supra,* a volunteer fireman had rushed into his own home in an effort to save his children

---

4. Section 104(b) of the Act of June 4, 1937, P. L. 1552 provides that "[a]ll members or employees of volunteer fire companies of the various cities, boroughs, incorporated towns and townships who shall be, and are hereby declared to be 'employes' of such cities, boroughs, incorporated towns and townships for all the purposes of this Act, and shall be entitled to receive compensation under this Act in case of injuries received in accidents occurring *while actually engaged as firemen,* or *while going to or returning from any fire* which the fire companies, of which they are members, shall have attended or *while performing any other duties of such companies.*" (Emphasis added.)

5. The requirements of *Lees, supra,* and *Shindledecker, supra,* that the claimant's injury, to be compensable, must occur within the restricted circumstances under the Act and an award must be within the scope of liability imposed by the legislature, was followed in *Wittlinger v. Millersville Borough,* 167 Pa. Superior Ct. 231, 74 A.2d 813 (1950) and *Smith v. Parkasie Borough,* 80 Pa. D&C 451 (1951). *See also Brinker v. Greensburg,* 409 Pa. 110, 185 A.2d 593 (1962).

from fire and it was held that he was acting as a father, not as a member of the fire company, and so was not a statutory employe of the borough for purposes of entitlement to workmen's compensation. In view of these cited authorities and the wording of the statute concerned, we find that the claimant here was *not* "actually engaged" as a fireman at the time of his injury.

We now direct our attention to the question of whether or not the claimant was performing other duties authorized by the Township. The Township argues that the authorization required by the statute must be expressly given and that implied authorization is not sufficient to hold the Township liable here as the claimant's employer. We agree. The arrangements made here, to have volunteer firemen and fire company equipment at the race track, were made through the fire company chief. He testified, however, that he had never appeared before the Board of Supervisors and asked permission for the fire company to give fire protection at the Mahoning Speedway.[6] It is true, of course, that the three township supervisors were clearly aware of these arrangements, all three being members of the volunteer fire company, and two of them having provided services on occasion at the race track. But the Chairman of the Board of Supervisors testified as follows:

"Q. Did the Fire Company, at any time, formally appear before the Board of Township Supervisors and request authorization to provide fire protection at the Speedway?

---

6. The following appears at p. 76 of the transcript:

"Q And as fire chief, it's your testimony that you never, formally, as I understand it, went before the Board of Supervisors and asked permission for your company to give fire protection at the Mahoning Speedway, is that correct?

"A That's correct."

"A. I would say, no, they never appeared before the Board, but we were asked, as individuals, and gave our approval for them to go."

He further testified that he had checked the minutes of Township Supervisors' meetings and that official authorization of the activity had never been requested or granted.[7]

In *Wittlinger v. Millersville Borough*, 167 Pa. Superior Ct. 231, 74 A.2d 813 (1950),[8] which involved an injury to a volunteer fireman while he was assisting fellow firemen in dismantling and returning bleacher stands borrowed by the fire company in connection with a fund-raising festival held for the fire company's benefit, he was held to have the burden of showing that he was performing a duty authorized by the borough. The evidence there indicated that the borough had permitted the

---

7. The following appears at p. 50 of the transcript:

"Q Did you, at my request . . . since your Secretary couldn't be here with us today . . . did you, at my request, check the minutes of your Board of Township Supervisors meetings to determine whether any official authorization was requested or granted?

"A Yes.

"Q And was it?

"A No."

8. The effective statute at that time was Section 1 of the Act of July 2, 1941, P.L. 222, which provided, *inter alia*, that "within the definition of the word 'employe' . . . there shall be included all members of volunteer fire companies or volunteer fire departments of the various cities, boroughs, incorporated towns and townships, who shall be and are hereby declared to be 'employes' of such cities, boroughs, incorporated towns, townships, for all the purposes of said Act, and shall be entitled to receive compensation in case of injuries received *while actually engaged as firemen* or *while going to or returning from any fire* which the fire companies or fire department of which they are members shall have attended or *while performing any other duties* of such companies or fire department *authorized* by such cities, boroughs, incorporated towns and townships." (Emphasis added.)

festival to be held without objection and that it took place on the premises of the fire company. The court said, however, that

> "by no extension of the well established principle that the Workmen's Compensation Act is to be liberally construed can it be said that such evidence constitutes 'authorization' by the borough so as to impose liability upon it as an employer." *Wittlinger, supra,* 167 Pa. Superior Ct. at 235, 74 A.2d at 815."

In the case at hand, it seems clear that the fire company had the implied authorization of the Township to provide fire protection at the Speedway. However, as a municipal authority, the Township can only act through its official governing body.[9] And, in order to protect the interests of all of its citizens, the Township cannot be said to have authorized the fire company's activity and thereby to have become the statutory employer of the claimant for purposes of workmen's compensation, *unless that authorization was expressly given.*

In a workmen's compensation case, the question of whether or not the claimant concerned was an employee

---

9. Although not argued by the parties, it appears that the appellant is a township of the second class and, as such, would be subject to Section 512 of the Second Class Township Code, Act of May 1, 1933, P. L. 103, *as amended,* 53 P. S. §65512, which provides, *inter alia,* as follows:

> "The township supervisors shall meet for the transaction of business at least once each month, at a time and place to be fixed by the board. . . . Two members of any board of supervisors consisting of three members shall constitute a quorum and. . . . Except as otherwise provided in this act, an affirmative vote of a majority of the entire board of supervisors shall be necessary in order to transact any business."

Section 512 requires an affirmative majority vote of the entire board of supervisors for the transaction of any business. The authorization of a duty necessary to include an individual as a statutory employee of a second class township would certainly seem to constitute the transaction of business and so to require an express authorization by the governing body.

of a party is a question of law. *Workmen's Compensation Appeal Board v. American Mutual Liability Insurance Company,* 19 Pa. Commonwealth Ct. 502, 339 A.2d 183 (1975). The Board, therefore, committed an error of law when it included the claimant within the statutory definition of the word "employee" and awarded benefits. At the time of his injury, the claimant was not actually engaged as a fireman, was not performing a duty authorized by the Township and could not have been, therefore, an "employee" of the Township as that term was defined by the statute for purposes of Workmen's Compensation benefits.

Our decision requires the reversal of the claimant's compensation award on the basis that the township was not the employer and, therefore, that it was not liable for workmen's compensation payments to the claimant. IM and Bristol, however, had been joined by the Township as additional defendants before the referee, but "dismissed" by the referee in his decision that the Township was the employer. We, therefore, must remand this case to the Board for the purpose of determining whether IM or Bristol, or neither, was the employer of the claimant when he was injured.

Accordingly, we enter the following

ORDER

AND NOW, this 1st day of April, 1976, the decision of the Workmen's Compensation Appeal Board, dated January 2, 1975 is reversed and the award set aside as to Mahoning Township. The matter is remanded to the Workmen's Compensation Appeal Board which may conduct a hearing or return the case to the referee to determine whether IM Incorporated or Bristol Associates, or neither, was the employer of Robert Kowatch when the injury involved herein occurred.