Bechtel Power Corporation and Pennsylvania Manufacturers Association Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, M.A. Hospador Steel Erectors and Walter J. Dzwileski, Respondents.

Argued February 6, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Ralph J. Johnston, Jr.,* with him *James P. Harris, Jr., Harris & Johnston,* for petitioners.

*James M. Scanlon, Scanlon, Howley & Scanlon,* with him *Theodore Krohn, Krohn & Hoegen,* for respondents.

OPINION BY JUDGE WILLIAMS, JR., March 18, 1981:

This rather convoluted case comes before this Court on an appeal by one employer from a decision of the Workmen's Compensation Appeal Board (Board), which reversed a referee's determination that the appellant before this Court should not be liable for payment of benefits to the claimant, and that the employer at the time of a later injury should be held responsible for the compensation. We sustain the appeal, and reverse the order of the Board.

Claimant was injured in January, 1975, pursuant to which he and his employer at that time, Bechtel Power Corporation (Bechtel), entered into a Notice of Compensation Payable, followed by a final receipt. Approximately fourteen months later, Bechtel laid claimant off. After working briefly for two different companies,[1] he became employed on May 25, 1976, with M. A. Hospador Steel Erectors (Hospador). The referee found that on or about June 2, 1976, claimant felt a sharp pain in his back as he was assembling shaker shutes, an activity which involved heavy lifting.[2]

On June 30, 1976, claimant filed a petition to set aside the final receipt. Bechtel filed a Petition to Join Additional Defendants on October 7, joining all three employers for whom claimant had worked between the date Bechtel had laid him off (April 22), and the date of the alleged new injury (June 2). Six days after filing the Petition, Bechtel and the claimant executed a Supplemental Agreement which stated that "Claimant returned to work 2-18-75 and became redisabled of his injury (1-13-75)."

On December 28, 1976, the referee ordered the file returned to the Bureau of Occupational Injury and Disease Compensation (Bureau), since the claimant

---

[1] Grosek and Sons, and Walsh Steel Service.

[2] This finding was conspicuously absent from the opinion of the Board.

and Bechtel had entered into the said Supplemental Agreement of October 13. Three months after this order, Bechtel petitioned to review the Supplemental Agreement, alleging that one or all of the interim employers were responsible for the payment of benefits.

After taking testimony on this petition, the referee found that "the claimant's injury on or about June 2, 1976 . . . was a separate trauma and constituted an aggravation of a pre-existing condition." He concluded that Hospador was responsible for all compensation due claimant, and dismissed the petition as to the other two intervening employers.

Hospador appealed to the Board, alleging that the referee's conclusion that claimant suffered a new injury in June, 1976, was an error of law, because it was unsupported by the evidence. The Board did not address this issue, holding instead that because the referee had not made two crucial findings, (1) whether proper notice was given to Hospador under Section 311 of The Pennsylvania Workmen's Compensation Act (Act),[3] and (2) what was incorrect[4] about the Supplemental Agreement of October 13, "the defendant-employer has failed to meet its burden of proof on its petition." Noting that there is no provision for joinder in Workmen's Compensation procedure, the Board reinstated the provisions of the Supplemental Agreement.

Bechtel appealed to this Court, arguing that (a) it did satisfy its burden of proof before the referee, (b) that the Board erred in that notice to Hospador can be inferred from the other findings, and (c) that the proper remedy for a missing finding is a remand to the referee.

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1411.

[4] This is actually a conclusion of law which the referee could draw from the findings, but is not itself a finding of fact.

Under Section 413 of the Act, 77 P.S. §771, the referee may review or set aside a Supplemental Agreement if the party that filed the petition to review proves the allegations which are material to the correctness of the Agreement. The burden, therefore, was on Bechtel to prove that the disability suffered by claimant after June, 1976, was a result of his employment with Hospador, and not, as the Agreement stated, a result of mere continuation of his January, 1975, injury.

It is well-settled law that the referee is the ultimate factfinder, who must determine questions of credibility and evidentiary weight. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). When there is competent evidence to support alternate theories of causation, it is within the purview of the referee to resolve this conflict. *Cole Steel Equipment Corp. v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 454, 322 A.2d 743 (1974).

Bechtel's theory in this case is that there was a new trauma in June, 1976, which exonerates Bechtel from responsibility for the disability. Hospador alleges the converse—that the present disability is merely a continuation of the pre-existing condition, the one brought about by the January, 1975, injury.

An examination of the record shows that the referee's finding of a new injury was supported by the testimony of both the claimant[5] and the physician[6] who

[5] *Question:* While you were performing that Bullwork, did anything happen to your back?
*Claimant's answer:* Yes. I had a very heavy, shocking pain down my neck and down my back when we were setting up the shaker shutes.
[6] *Question:* As I understand it, he was in a repaired and improving condition when you discharged him and that it is reasonable to assume that a return to his previous condi-

attended him for both the 1975 and 1976 treatments. The finding that claimant was asymtomatic from April, 1975, to June 6, 1976, is also supported by testimony of the same physician.

Affliction with a pre-existing condition which increases claimant's susceptibility to the pertinent injury does not bar the right to compensation for that injury, if competent medical testimony establishes that the present disability arises from the new injury, and not from the normal progression of the pre-existing condition. *Halaski v. Hilton Hotel*, 487 Pa. 313, 409 A.2d 367 (1979).

Testimony of the treating physician that the June, 1976, incident triggered claimant's present disability, which is more extensive than it was prior to this event, and that he had a reasonable medical certainty that the present disability would not have existed, barring the June, 1976, occurrence, is competent[7] evidence which can support the referee's findings.

Since petitioner's burden of proof is delimited by the four corners of his petition, and since the findings of the referee which are material to that petition are based on competent evidence, we hereby hold that the petitioner has met its burden of proof.

The other issues raised by this case are easily dispensed with. What was before the referee and the

---

tion or worsening of his condition of April, '75, would have to be caused by some condition, intervening condition, is that correct?

*Doctor's answer:* Yes.

[7] [T]he expert has to testify, not that the condition of claimant might have, or even probably did, come from the [injury], but that in his professional opinion the result in question came from the cause alleged. A less direct expression of opinion falls below the required standard of proof and does not constitute legally competent evidence.

*Menarde v. Philadelphia Transportation Co.*, 376 Pa. 497, 501, 103 A.2d 681, 684 (1954).

Board was not a claim for compensation, but rather a petition to review. The question of notice to Hospador, and proof thereof, is not for Bechtel to resolve. It is for claimant to establish his right to compensation and all the elements thereof. *Halaski, supra.* Since the notice to Hospador is not material to this petition, its absence does not warrant a vacation of the order of the referee.[8]

The issue of joinder of the additional defendant was not raised in Hospador's appeal to the Board, and therefore was not preserved for review by this Court. It was raised *sua sponte* by the Board, which noted that there was a problem, but failed to resolve it. However, this Court has previously taken action in cases in which employers joined other alleged employers as additional defendants. *See Workmen's Compensation Appeal Board v. Mahoning Township Supervisors,* 24 Pa. Commonwealth Ct. 207, 354 A.2d 604 (1976), in which we remanded for a determination of which, if either, of the two additional defendants joined by the township was, indeed, the employer. *Cf. Travelers Insurance Company v. Workmen's Compensation Appeal Board,* 48 Pa. Commonwealth Ct. 232, 409 A.2d 514 (1980).

Since within our scope of review of this case, in which the Board did not take additional evidence, we find that no constitutional rights were violated, that all necessary findings of fact were supported by competent evidence, and that the Board committed an error of law in holding that the petitioner had not met

---

[8] Furthermore, the absence of a finding on a given point should not be taken to imply that the issue was resolved in either party's favor. The absence of an essential finding of fact necessitates remand, so that the referee may make the order complete. *Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975).

[9] *Imperial Food Products v. Tomarelli,* 28 Pa. Commonwealth Ct. 150, 367 A.2d 732 (1977).

its burden of proof,[9] we hereby vacate that order, and direct the Board to remand to the referee solely for the purpose of entering a finding concerning the notice provisions of Section 311 of the Act, 77 P.S. §1411, as they pertain to Hospador.[10]

ORDER

AND Now, this 18th day of March, 1981, the order of the Workmen's Compensation Appeal Board is hereby vacated, and the Board is directed to remand the above case to the referee, further directing the referee to enter a finding without further hearing concerning the notice provisions of Section 311 of the Act, as they pertain to M. A. Hospador Steel Erectors.

---

[10] Although the said finding is not material to the petition for review it is relevant to the issue of whether claimant has established the prerequisites for compensation. Since testimony was offered on that point, administrative economy would dictate that a re-hearing on that issue is not necessary.