## A. J. Dunbar v. B. A. Jacobson, Inc.

Argued April 13, 1932.

Before Trexler, P. J.,
Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld
and Parker, JJ.

*L. Barton Ferguson,* for appellant.

*Harry P. Boarts,* for appellee.

Opinion by Stadtfeld, J., July 14, 1932:

This is a workmen's compensation case. The referee made an award in favor of claimant. An appeal therefrom to the Workmen's Compensation Board was dismissed. The court sustained the action of

the board, and entered judgment in favor of claimant. From that judgment this appeal is taken.

The only question raised in this appeal is whether the deceased's parent, claimant, is a dependent within the meaning of Sec. 307, Par. 5 of the Workmen's Compensation Act of 1915, P. L. 736, as amended by the Act of 1927, P. L. 186, which provides:

> "If there be neither widow, widower nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the accident, twenty-five per centum of wages, but not in excess of five dollars per week: Provided, however, that in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed......"

Vernon Dunbar, sixteen years old, son of the claimant, was killed in the course of his employment by defendant company on February 10, 1930.

Quoting from the opinion of the court, GRAFF, J.:

> "A. J. Dunbar is fifty-five years of age, and at the time of his son's death his household was comprised of himself, his wife, and the deceased. Together with his family, he resides upon a seventy-acre farm, and has for some time pursued the occupation of a farmer, and the produce therefrom consists of crops and fruit. The claimant is not well physically, troubled with his eyes to such an extent that he cannot see well, and because of other infirmities is not strong enough to do plowing, nor any of the hard work upon the farm. For the past two years the deceased 'has been made to handle the farm', and the evidence provides that it would be impossible for the claimant to work his farm without the assistance of the deceased, or some other person. The only income which the claimant had at the time of his son's

death was that derived from the farm, excepting a little extra work which he had done.

"After the crops had been harvested in the fall of 1929, the deceased secured a position with the defendant company, of oiling and greasing a power shovel used in a grading job. He had worked in such capacity for a period of about three months prior to his death, and received therefor the sum of sixty cents per hour. While so employed the deceased lived at home, and in the evenings and upon wet days helped with the ordinary duties of a farmer during the winter months. The evidence does not prove that any part of the wages earned by the deceased in his employment was actually given to the claimant. Part of this sum was deposited in a bank in the name of the claimant's wife, in trust for the deceased."

The facts are succinctly set forth in the referee's findings of fact as follows:

"After the crops were all gathered, in the fall of 1929, deceased secured his first outside work. Since the boy's death, the father has been obliged to hire one and sometimes two farm hands, to whom he paid $2.00 per day each and gave them board. This was necessary as the father, of course did not any longer have the services of his son. The compensation act states that the father or mother are entitled to compensation if dependent to any extent upon the employe at the time of the accident. Deceased's contribution to his parents was his services, such as plowing, planting, harvesting and the hundred and one jobs that are required in agriculture. It was in October that he secured work off the farm. By that time the harvest was over and the crops were all in. Throughout the winter the father was able to

carry on what work that was necessary, without hiring any outside help. The winter before deceased had attended school. During the winter of 1929-1930 and at the time of deceased's death, his parents were living off the results of deceased's work performed by him on the farm. Therefore your referee finds that the claimants were dependent to some extent upon their son at the time of his death.''

Quoting from the decision of the compensation board:

"In the instant case, while it was not shown that the decedent was actually contributing money, it is clearly shown by the testimony that he had been contributing labor and help in the working of his parent's farm, that immediately upon his death, it was necessary to engage other help. It appears that he was the only child at home and at a time and age when his parents were in need of such help. This in our opinion is such a contribution as is contemplated by the Act. In such cases, dependency need not be shown, it is presumed, and while subject to rebuttal, there is not evidence of such rebuttal in the record. The testimony on this point is uncontradicted.''

The deceased made contributions of labor and services to his parents which materially aided them in their manner of living, and the parents were partially dependent upon the deceased for the same. There was sufficient evidence to support a finding that the parents were partially dependent upon the deceased. Faucett v. P. R. T. Co., 89 Pa. Superior Ct. 449.

The term actual dependency does not mean sole and exclusive support. Morris v. Yough Coal and Supply Co., 266 Pa. 216.

The question of dependency is primarily one of

fact, and a question of fact under the statute must be disposed of by the referee, or on appeal, by the Workmen's Compensation Board, Hallman, Appellant, v. Starr Printing Co., 70 Pa. Superior Ct. 562.

If the finding of dependency is based on any evidence or on an inference fairly deducible therefrom, the award must be sustained though we might differ from the conclusion thus reached. We cannot substitute our judgment for that of the referee or the board, as the compensation. act has delegated to them the exclusive function of determining these facts. An appellate court will not review such conclusion. Morris v. Yough Coal and Supply Co., 266 Pa. 216 at 219; Todd et ux. v. Lehigh Valley Coal Co., Appellant, 297 Pa. 302.

Where conclusions of a referee in a workmen's compensation case are approved by the board and are supported by competent evidence, they are as conclusive on appeal as the verdict of a jury, and this is also true as to proper inferences to be drawn therefrom: Sgattone v. Mulholland & Gotwals, Inc. et al., 290 Pa. 341.

We believe that the evidence in this case warrants the finding of the referee, approved by the board, and judgment was properly entered in favor of claimant.

The assignments of error are overruled, and the judgment affirmed. Costs to be paid by appellant.