Glen Irvan Corporation and Old Republic Insurance Company, Insurance Carrier, Appellants, v. Workmen's Compensation Appeal Board and Donald L. Bowman and Ruth Bowman, Parents of James R. Bowman, Deceased, Appellees.

Argued June 6, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Joseph J. Lee,* for appellants.

*Eugene L. Cimino,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, August 2, 1974:

The tragedy that lurks in the coal mines struck Donald L. Bowman and his wife Ruth when, on January 9, 1971, their 18-year-old son James was killed in a mining accident while in the employ of the Glen Irvan Corporation (hereinafter referred to as the employer).

On October 11, 1971, Ruth Bowman filed a fatal claim petition for workmen's compensation benefits pursuant to Section 307(5) of The Pennsylvania Workmen's Compensation Act.[1] This section provided:

---

[1] Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §561(5).

"In case of death, compensation shall be computed on the following basis, and distributed to the following persons:

. . . .

"5. If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the accident, thirty-two per centum of wages but not in excess of twenty-five dollars per week: *Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed*: And provided further, That if the father or mother was totally dependent upon the deceased employe at the time of the accident, the compensation payable to such father or mother shall be fifty-two per centum of wages, but not in excess of thirty-eight dollars per week." (Emphasis added.)

Compensation was first awarded under the above provision by order of a referee thereafter affirmed by the Workmen's Compensation Appeal Board (Board). The employer now appeals this award to us.

In a workmen's compensation case in which the claimant has prevailed below, our review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was not supported by substantial evidence. *Regent Bottling Company v. Workmen's Compensation Appeal Board*, 10 Pa. Commonwealth Ct. 8, 309 A. 2d 265 (1973). Our careful review of the record now before us convinces us that we must affirm.

It is clear from the language of the proviso in Section 307(5) that the dependency of parents on a minor child who was contributing to his parents before his death is presumed. The employer does not contest the referee's findings of minority and contribution in this case. Hence, the only question presented by this appeal is whether or not the employer has carried its bur-

den of rebutting the presumption of dependency arising from Section 307(5).

It is rather interesting that the employer has never offered any evidence of its own to rebut a presumption of dependency. Its appeal rests on its assertion that the dependency of the parents was negated by their testimony that their own monthly income *exceeded* their monthly expenses. The weakness of this contention is that it is not supported by the record.

The employer erroneously views the record as showing that the Bowmans' monthly expenses were $598.10.[2] Our careful scrutiny of the record reveals that the testimony of Mrs. Bowman and an exhibit entitled "Household Expense Summary" support the referee's finding of fact that the Bowmans' monthly expenses were $819.10.

The employer's confusion appears to have been caused by the manner in which the evidence of the Bowmans' total monthly expenses was presented. Instead of tabulating one monthly total, the expenses were divided into two categories. One category, amounting to $598.10, represented the monthly expenses paid by the Bowmans, and the other category, amounting to $261,[3] represented that portion of the monthly expenses paid by their son. We have no doubt that the referee was correct in adding these categories to determine the Bowmans' total monthly household expenses. Since the $819.10 total for monthly expenses *exceeds* the Bowmans' monthly income of $692, the sole contention advanced by the employer's appeal has been rendered nugatory.

---

[2] Their monthly income was $692.

[3] The referee found that $40 of this sum, representing cash given by James to his mother, was a duplication of expenses paid by the parents. Therefore, he deducted this amount and, after adding both categories, found as a fact a monthly expense total of $819.10.

In conclusion, we find that there was no evidence presented by the employer to rebut the presumption of the Bowmans' dependency on their son which arises from Section 307(5). Indeed, all the evidence in the record supports the referee's award of compensation and the Board's affirmance.

We therefore issue the following

### ORDER

AND Now, this 2nd day of August, 1974, the affirmance by the Workmen's Compensation Appeal Board of the referee's order relative to the claim of Donald L. Bowman and Ruth Bowman is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of the claimants, Donald L. Bowman and Ruth Bowman, and against Glen Irvan Corporation and Old Republic Insurance Company for compensation for partial dependency in the amount of $25 per week, beginning January 9, 1971, together with interest at the rate of 6 percent per annum on deferred installments from the date due to the date paid and continuing for an indefinite period, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.