Paul Botek and Joan Botek, On Behalf of Paul M. Botek, Deceased *v.* Anthony T. Warcola and Workmen's Compensation Appeal Board. Paul Botek and Joan Botek, On Behalf of Paul M. Botek, Deceased, Appellants.

Argued September 10, 1976, before Judges Crumlish, Jr., Wilkinson, Jr., and Rogers, sitting as a panel of three.

*Donald D. Dolbin,* with him *Cyrus Palmer Dolbin,* for appellants.

*Joseph A. McKenna,* with him *Williamson, Friedberg & Jones,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, October 6, 1976:

Appellants' son, eighteen years of age, was killed while in the course of employment on April 2, 1974. Appellants petitioned for compensation as dependents of a deceased employee.

After a hearing, the Workmen's Compensation referee found appellants were not dependents and, therefore, not eligible. The Workmen's Compensation Board of Review affirmed the referee, and that decision is now before this Court.

Section 307(5) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §561 provides:

"If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the injury, thirty-two per centum of wages but not in excess of the Statewide average weekly wage: Provided, however, That in the case of a minor

child who has been contributing to his parents, the dependency of said parents shall be presumed: And provided further, That if the father or mother was totally dependent upon the deceased employe at the time of the injury, the compensation payable to such father or mother shall be fifty-two per centum of wages, but not in excess of the Statewide average weekly wage."

The referee found, on the basis of competent evidence, that the decedent earned an average of $80.00 per week. He contributed about $15.00 to $20.00 per week to his parents, with whom he lived, for which he received food, clothing, life insurance, haircuts and other living expenses. The referee further found that the appellants were not at all dependent and that decedent's contribution was merely for room and board.

It is clear that the presumption of dependency of parents on a minor child created by the quoted section of The Pennsylvania Workmen's Compensation Act can be rebutted by evidence to the contrary. *Kelly v. Hudson Coal Company*, 119 Pa. Superior Ct. 405, 179 A. 753 (1935). Further, the presumption may be defeated by the testimony of the party in whose favor the presumption existed. *Rank v. Metropolitan Edison Co.*, 370 Pa. 107, 87 A.2d 198 (1952). Because the appellants' own testimony[1] in the instant case rebuts the presumption of dependency, we need not decide whether the decedent herein would be considered a minor for the purpose of the presumption.

---

[1] The record includes the following question by the referee and appellant's answer:

Q. "[I]s that $15.00, or $20.00 a week that your son was giving to you in order for you to help support your family and yourself and your husband, or was it given to you merely to cover the expenses of his own living at home?"

A. "Well it was for him living at home."

A review of the services received for the contribution by the decedent establishes that appellants were not dependent on the decedent. *Regent Bottling Company v. Workmen's Compensation Board of Review,* 10 Pa. Commonwealth Ct. 8, 309 A.2d 265 (1973). This, together with the testimony of appellants, supports the findings of the referee below.

Accordingly, we will enter the following

ORDER

Now, October 6, 1976, the order of the Workmen's Compensation Board of Review, No. A-70194, dated December 11, 1975, dismissing the appeal of Paul M. Botek, deceased, and Paul and Joan Botek, is hereby affirmed.