Wingert & Brechbill and Westmoreland Casualty Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Hayward & Kathryn Group, Parents of Bryan H. Group, Deceased, Respondents.

Argued February 8, 1979, before Judges WILKINSON, JR., MENCER and CRAIG, sitting as a panel of three.

*H. Reginald Belden, Jr.,* and *Rudolf M. Wertime,* with them *Stewart, Belden, Sensenich and Herrington,* for petitioners.

*Kenneth F. Lee,* for respondents.

OPINION BY JUDGE CRAIG, July 5, 1979:

Employers Wingert and Brechbill are appealing a decision of the Workmen's Compensation Appeal Board (Board) affirming the referee's award of compensation to claimants, parents of the deceased minor, Bryan H. Group.

Employer alleges that the referee's award of compensation was erroneous in that: (1) decedent was casually employed in work outside the regular course of their business activities and, therefore, not an employee entitled to compensation within the meaning of Section 22 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §22,[1] and, (2) because decedent had not made monetary contributions to claimants, they were not entitled to compensation under Section 307 (5), 77 P.S. §561(5) of the Act, and finally (3) the referee's finding that claimants were partially dependent on decedent was incorrect as a matter of law.

Further, employer urges that if the court affirms the determination of compensation, then the amount of compensation awarded was in error because claimants were not entitled to "additional compensation" under Section 320(a) of the Act, 77 P.S. §1420(a).

The claimants must sustain the burden of proving the existence of the employment relation, and where the referee has found in favor of the party with the burden of proof, our review of that finding is limited. *Grant Builders v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 591, 382 A.2d 783 (1978).

As to the first issue, the referee's fourth finding of fact was:

---

[1] Act of June 2, 1915, P.L. 736, *as amended.*

July 11, 1975, Bryan H. Group was an employee
of defendant employer within the meaning of
the Workmen's Compensation Act. . . .

The referee made no specific findings as to the nature
of decedent's employment; however, there is substantial evidence in the record indicating that decedent's
employment was not casual, but was a general employment relationship of indefinite duration.

The testimony from claimants and employers reveals that decedent had worked once for employers
on or about June 20, 1975, unloading hay for which
he was paid $12.00.

On cross-examination, Mr. Wingert testified specifically that decedent's employment was a result of
a conversation he had had with decedent's mother.
Wingert testified, "From then on we got him to unload hay."

Employer testified that on July 11, 1975 decedent
arrived to unload hay and was directed to return
after dinner, "that there would be something for him
to do." Decedent returned about 1:00 p.m. and proceeded, as directed, to work on the construction of a
grain bin with the other men. While so engaged, decedent was fatally injured.

Under the principles developed in *Cochrane v. William Penn Hotel,* 339 Pa. 549, 16 A.2d 43 (1940), we
reject employers' characterization of decedent's employment as casual. There the court held that "casual" employment could be defined as hirings which are
separate instances, which arise for limited and temporary purposes, and which occur at long and irregular intervals, where each hiring is a matter of special
engagement.

Although decedent worked only twice for employers, the evidence indicates that decedent's employment
relationship with employers was an ongoing one that

was simply interrupted for a short period when decedent had to return to work his father's farm.

The unfortunate fact that decedent died so soon in the employment relationship does not alter the nature of that arrangement nor the employer's liability. *Dews v. Shmukler*, 119 Pa. Superior Ct. 417, 185 A.2d 607 (1962).

Because we have determined that decedent was generally employed and not within the "casual" category of employees excluded from the Act's coverage, we need not determine separately whether decedent was injured while performing in the regular course of the employer's business.

As to the second and third issues, it is clear from the language of Section 307(5) of the Act, 77 P.S. §561(5) and from the case law, that the dependency of parents/claimants on a minor child who was contributing to them before his death is presumed. *Glen Irvan Corp. v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 592, 594, 323 A.2d 405 (1974).

The employers appeal the referee's finding of "contribution" because the record indicates that decedent made no monetary contributions to his parents.

In *Dunbar v. B. A. Jacobson, Inc.*, 106 Pa. Superior Ct. 95, 161 A. 431 (1932), the court recognized that services and labor performed by a minor son on his parents' farm constituted "contributions" within the meaning of the Act.

The record in this case amply supports the referee's finding that decedent assisted his parents in the total operation of their 118 acre farm. Decedent was responsible for the twice-daily milking of the cows and performed alone, for the most part, the baling and stacking of 7,000 bales of hay and 3,000 bales of straw during the summer of his death. Decedent's father

testified that his son did "anything that was to be done on the farm." This included, as the testimony further indicates, plowing, gardening, general repair work around the farm, and combining and bailing with his father for other people in the area.

Where contribution has occurred, the presumption of claimant's dependency arises by way of Section 307 (5) and the only issue for our review is whether the employer carried the burden of rebutting the presumption of dependency. *Glen Irvan Corp., supra,* 14 Pa. Commonwealth Ct. at 594-95, 323 A.2d at 406.

The employer did not offer any evidence of its own to rebut the presumption, and the evidence introduced by claimants further supports the referee's finding that:

> While Bryan H. Group made no financial contribution to Hayward R. and Kathryn Group . . . they were partially dependent upon him in the operation of the farm.

Decedent's mother's testimony that they would have had to pay someone more than the $10 weekly winter rate and $25 to $30 summer rate they paid decedent to do the work, further supports the referee's finding of partial dependence.

As in *Dunbar, supra,* the evidence provides that it would be impossible for the claimant to work his farm without the assistance of the deceased, or some other person.

The record supports the referee's award of compensation and the Board's affirmance.

We also affirm the referee's award of "additional compensation" in this case.

Section 320(a) of the Act, 77 P.S. §1420(a) provides an award of "additional compensation" where a minor is "permitted to work in violation of any provision of the laws of this Commonwealth relating to minors. . . ."

Section 8 of the Child Labor Act, Act of May 13, 1915, P.L. 286, 43 P.S. §49, requires that, before a minor under the age of eighteen is employed, the person employing the minor shall procure an employment certificate.

The referee's finding that decedent was a minor,[2] employed without a work permit is supported by the record.

In view of the clear words of Section 320(a) above, this violation of the Child Labor Act is a sufficient basis on which the referee could order the employer to make payment of additional compensation. Therefore, we need not determine whether the referee's finding that decedent was engaged in an activity prohibited to minors is correct.

Accordingly, we affirm the referee's determinations with regard to compensation in this case and order the following:

ORDER

AND Now, this 5th day of July, 1979, the order of the Workmen's Compensation Appeal Board dated September 30, 1977 affirming the referee's award of compensation to claimants Hayward R. and Kathryn Group is affirmed. Defendant insurance carrier is directed to pay to claimants compensation at the rate of $27.36 per week beginning July 12, 1975 and employer is ordered to pay compensation at the weekly rate of $13.68. Accrued compensation shall bear the statutory interest rate of 10 percent.

[2] We find no merit in petitioners' argument that decedent, age seventeen, should be considered a minor of eighteen years of age pursuant to Section 7.2 of the Child Labor Law, 43 P.S. §48.2 and thus exempt from Section 8 of the Law which requires minors under eighteen to have employment certificates. Section 7.2 provides that a minor age seventeen, who is a high school graduate or who has attained his academic potential will be deemed a minor of the age of eighteen. Decedent was not a high school graduate and there was no proof offered that he had "attained his academic potential."