Borough of Wilmore and Pennsylvania National Mutual Casualty Insurance Company, Petitioners *v.* Rickey Paul New, Respondent.

Borough of Wilmore and Pennsylvania National Mutual Casualty Insurance Company, Petitioners *v.* Frank and Rita Mae Chalan, Parents of Frank T. Chalan, Jr., Deceased, Respondents.

Borough of Wilmore and Pennsylvania National Mutual Casualty Insurance Company, Petitioners *v.* Marion B. New, Widow of Robert P. New, Respondent.

Rickey Paul New, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Borough of Wilmore and Pennsylvania National Mutual Casualty Insurance Company, Respondents.

Argued March 14, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Edward G. Kuyat, Jr., Kuyat & Walker,* for Borough of Wilmore, petitioner.

*Robert G. Rose,* with him *Spence, Custer, Saylor, Wolfe & Rose,* for Pennsylvania National Mutual Casualty Insurance Company, petitioner.

*Patrick A. Gleason, Gleason, DiFrancesco, Shahade & Markovitz,* for Rickey Paul New and Marion B. New, widow of Robert P. New, respondents.

*Raymond J. Zadzilko, Smorto* and *Persio,* for Frank T. Chalan and Rita Mae Chalan, parents of Frank T. Chalan, Jr., deceased, respondents.

*Patrick A. Gleason, Gleason, DiFrancesco, Shahade & Markovitz,* for Rickey Paul New, petitioner.

*Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose,* for Borough of Wilmore and Pennsylvania National Mutual Casualty Insurance Company, respondents.

OPINION BY JUDGE WILLIAMS, JR., October 2, 1980:

The Borough of Wilmore (borough) and its insurance carrier, Pennsylvania National Mutual Casualty Insurance Company jointly appeal from each of three separate awards of the Workmen's Compensation Appeal Board (Board). Because the awards arose from a common accident, we consolidated the appeals for argument and disposition. The awards in question were to Ricky Paul New for injuries sustained in the accident, to Frank and Rita Mae Chalan whose son Frank T. Chalan, Jr. was killed in the accident, and to Marion B. New whose husband Robert P. New was also killed in the accident. The victims were all members of the Wilmore Volunteer Fire Company (Company).

The facts of the accident are not in dispute: On July 11, 1976, the Company held its annual fund raising picnic. As part of the promotional activities, a huge banner advertising the picnic was strung across Pennsylvania Route 53. The banner was suspended by metallic wires anchored to utility poles on each side of the highway.

On July 13, 1976, about 6:00 p.m., Robert P. New requested Frank T. Chalan, Jr., Ricky Paul New and another member, Tony Zapp, to assist him in removing the banner. Aluminum ladders were placed against the poles on each side of the highway. Robert New climbed one ladder assisted by Zapp. Frank

T. Chalan, Jr. climbed the other ladder which was held by Ricky Paul New. Apparently the wind blew as Frank T. Chalan, Jr. and Robert New were standing on the ladders, and caused one of the metal wires holding the banner to make contact with high voltage electricity. As a result of receiving a charge of electricity, Frank Chalan, Jr. fell from the ladder onto Ricky Paul New. Robert New descended his ladder to aid Chalan and Ricky Paul New. In doing so, he also received a charge of electricity.

Robert P. New and Frank T. Chalan, Jr., as a result of the electrical charge, died of asphyxiation. Ricky Paul New suffered extensive injury.

This action commenced when the claimants filed separate claim petitions against the borough and its carrier in connection with the casualties. After hearings were held in each case, the referee dismissed the claim petitions of the parents and the widow, respectively, on the grounds that decedents Chalan and New were not "employees" within the meaning of Section 601 of The Pennsylvania Workmen's Compensation Act.[1]

In the case of claimant Ricky Paul New, the referee found that he was totally and permanently disabled but that he, too, was not an "employee" for workmen's compensation purposes.

On appeal by the claimants, the Board reversed the referee's disallowance of benefits in each case. The finding respecting the total disability of Ricky Paul New was affirmed and "additional compensation" was awarded to the parents of decedent Chalan.

Claimant Ricky Paul New thereafter filed a protective appeal to the Board with a request for a rehearing to correct its decision so as to include pay-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1031.

ment for medical expenses. By supplemental decision, the Board so corrected its Order.[2] The borough of Wilmore and its insurance carrier thereafter perfected timely appeals to this court.

We first consider whether the Board properly concluded that decedents Chalan and New and claimant Ricky Paul New were ''employees'' within the meaning of Section 601 of the Act while engaged in the removal of the banner. That section sets forth the specific duties which volunteer firemen perform to allow them to be considered employees of the municipality they serve. Pursuant to the section, members of volunteer fire companies are entitled to compensation for injuries received ''while actively engaged as firemen'' and, additionally, ''while performing any other duties of such . . . fire department[s] as authorized by the municipality.''

The casualties here involved occurred in the course of removing the promotional banner from the highway. The removal of the banner was associated with the activities of a fund raising picnic.

The threshold question, then, is whether the removal of the picnic banner was the performance of a ''duty.'' The Board concluded that the holding of a fund raising picnic and the activities associated with it are traditional and common functions of a volunteer fire company and should be considered a Section 601 duty. We agree, especially where, as the referee found here, the proceeds are used for equipment and training purposes.

The section further requires that the duty be authorized by the municipality. In this regard, the referee found that Ordinance No. 2, passed by the

---

[2] Originally there were four appeals. The issue involved in the fourth appeal, No. 1575 C.D. 1979, was resolved by the Board prior to oral argument before this court.

Wilmore Council in 1958, authorized members of the volunteer fire department to:

> 3 ... engage in the performance of *any duty* authorized by any officer or officers of the Wilmore Fire Department. (Emphasis added.)

Clearly, the ordinance authorizes "any duty" so long as it is performed under authority of an officer of the Department.

It would appear then that the resulting injuries from the accident of July 13, 1976 are compensable, since they occurred while employees of the volunteer fire company were performing a duty authorized by the municipality.

But the petitioners contend that the removal of the banner was not a duty that was *expressly* authorized by the township, and therefore the resulting casualties are not compensable. They rest their contention on our decision in *Workmen's Compensation Appeal Board v. Mahoning Supervisors*, 24 Pa. Commonwealth Ct. 207, 354 A.2d 604 (1976) where we held that the authority passing from the borough to the fire company to perform duties must be express. Implied authority is not enough.

*Mahoning*, however, is distinguishable from the case at bar. In *Mahoning*, the fire company provided fire protection at the Mahoning Speedway (where the injury occurred) solely as a matter of tradition and past practice. Unlike *Mahoning*, the duties of members of the Wilmore Fire Company were performed under authorization of the 1958 ordinance, duly passed by the Wilmore Council.

We adopt the reasoning of the Board that while the duties are not specifically enumerated in the text of the ordinance, that fact does not detract from the grant of express authority from the borough to the fire department. The authority granted by the ordi-

nance is an *express grant of authority* to engage in "any duty" that is authorized by a company officer. That express grant was broad enough to include the duties associated with the fund raising activities of the company.

Moreover, since that express grant of authority pertained to the performance of any "duty" as opposed to some other activity, we must also reject the petitioners' contention that the ordinance is a violation of Article III, Section 1 of the Pennsylvania Constitution.[3] The authorization by the borough merely permits the volunteer fire company to perform its normal and traditional duties while restricting the permissible source of authorization to the company officers. The Board properly concluded, therefore, that the ordinance is "an instrument of express authority for the performance of any duty providing said duty is authorized in turn by any officer or officers of the volunteer fire department." We affirm the conclusions of the Board that Ricky Paul New and the decedents Frank T. Chalan, Jr. and Robert P. New were employees of the Borough of Wilmore for purposes of workmen's compensation when they were engaged in taking down the banner promoting the fund-raising picnic.

We focus now on the awards of compensation ordered by the Board. Our scope of review is restricted; and we are required to affirm unless there has been an error of law, violation of constitutional rights or a necessary finding not supported by substantial evi-

---

[3] Petitioners cited art. III, §1 in their briefs; we presume they meant §31. They use this provision to argue that the ordinance constituted an improper delegation of authority by the borough to the officers of the fire company. We reject that contention. The ordinance merely authorizes the officers to supervise the detailed implementation of the company's duties under law.

dence. *E.g., Owens v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 510, 395 A.2d 1032 (1979).

The petitioners first assert that the injuries sustained by claimant Ricky Paul New do not entitle him to total disability benefits under Section 306(a) of the Act, 77 P.S. §511. Rather, they contend, he should be limited to benefits according to the "specific loss" provisions of Section 306(c), 77 P.S. §513.

Whether the disability of a claimant is total or partial is a question of fact to be determined in the first instance by the compensation authorities. *Hughes v. H. Kellogg & Sons,* 139 Pa. Superior Ct. 580, 13 A.2d 98 (1939). This court's review of the award on appeal is, therefore, confined to a determination of whether the finding of total disability by the compensation authorities is sustained by the substantial competent evidence. *Id.*

It has been established that the test of total disability is whether the claimant's injury deprived him of his earning power, that is, his ability to obtain remunerative employment. *Winters v. State Workmen's Insurance Fund,* 136 Pa. Superior Ct. 293, 7 A.2d 112 (1939). The record discloses that the vocational background of claimant Ricky Paul New is primarily manual in nature. Medical testimony revealed that as a result of the accident, he sustained the loss of a thumb and part of a finger on his left hand and 3 fingers from the right hand. In addition he had extensive burns over 25% of his body. There is evidence of scarring of tissue, and throbbing and severe pain in his hands. He is unable to write except with a special device supplied to him by his physician; and he is adversely affected by extreme temperatures.

Such evidence supports the referee's finding, as affirmed by the Board, that claimant New is totally disabled as a result of his injuries. The award of compensation to claimant New is therefore affirmed.

As to the Board's award of compensation to the parents of decedent Frank T. Chalan, Jr., petitioners first contend that the claimant-parents have not met the test of dependency set forth in *Leipziger v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 417, 315 A.2d 883 (1974).[4] Petitioners also rely on *Regent Bottling Co. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 8, 309 A.2d 265 (1973).

The Board concluded that the *Leipziger* test was inapplicable because decedent Chalan was a minor and accordingly was entitled to a presumption of dependency under Section 307(5) of the Act, 77 P.S. §561(5). That provision reads in pertinent part as follows:

> If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the injury . . . Provided, however, that in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed.
> . . .

It is clear from the above language that once the parents of a minor child[5] have shown evidence of

---

[4] In *Leipziger* the test was formulated as follows: "whether or not the child's earnings were needed to provide the parents with some of the ordinary necessities of life suitable for persons in their class and position and that the parents were, consequently, dependent to some extent upon the child at the time of the accident causing his death."

[5] The Statutory Construction Act of 1972, 1 Pa. C. S. §1991 defines minor as "[a]n individual under the age of 21 years."

contributions from that child, that evidence raises the statutorily created presumption of dependency of the parents. However, because dependency is a question of fact, the presumption is rebuttable by evidence to the contrary. *Kelly v. Hudson Coal Co.*, 119 Pa. Superior Ct. 405, 179 A. 753 (1935). It follows that once the presumption is raised, the burden of proof shifts to the employer to produce proof of non-dependence. *Mikalonis v. Workmen's Compensation Appeal Board,* 25 Pa. Commonwealth Ct. 166, 361 A.2d 483 (1976). Section 307(5) contemplates dependency "to any extent."[6] In order to rebut the presumption, therefore, the proof of non-dependence offered by the employer must at the outset include a showing that at the time of the injury, the difference between family income and expenditures was such that the minor child's contributions were *not* needed to *any* extent. In the absence of that threshold showing, the employer fails to carry its burden, and the parents are entitled to rest upon the presumption. On the other hand, once it *is* shown that income exceeded expenditures, the burden of proof goes back to the parents to prove dependency in terms of the test set forth in *Leipziger.*

We believe there are three situations where parents must *affirmatively* show the fact of their dependency: (1) where the employer has negated the presumption of dependency with proof of non-dependence, *Mikalonis, supra;* (2) where parents are claiming for the death of an *adult* child, *Leipziger, supra, Regent, supra, Davis v. Welsbach Corp.*, 201 Pa. Superior Ct. 520, 193 A.2d 621 (1963); and (3)

---

[6] The rule is that dependency to any extent is presumed where the child making contributions is a minor. That contribution need not even be monetary, but may take the form of labor regularly performed. *Wingert and Brechbill v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 55, 402 A.2d 1157 (1979).

where by their own testimony, the parents themselves defeat the presumption, *Botek v. Warcola,* 26 Pa. Commonwealth Ct. 501, 364 A.2d 743 (1976).

In *Mikalonis,* the testimony of Mrs. Mikalonis elicited by the employer on cross-examination showed that the family income substantially exceeded expenses, without including the minor child's contributions. That testimony neutralized the presumption and placed the burden on the parents to establish their dependency by substantial evidence. Similarly, in the case of *Botek v. Warcola, supra,* the parents who were claiming to be dependent on their minor child lost the benefit of the presumption by their own testimony which itself rebutted the presumption.

In *Leipziger,* as in the *Regent* and *Davis* cases, the parents were claiming dependency upon the contributions of an *adult* child. They were therefore not entitled to rest upon the presumption in asserting their claim. They had the burden in the first instance of proving their case by showing that the contributions of the deceased adult child were necessary for the maintenance of the parents' household. In *Regent,* we held that the claiming parents had not met their burden because they failed to show that the contributions of their adult child were ''necessary to sustain the maintenance of the family unit'' and were not merely a payment for benefits received and services rendered to the child by his parents.

Petitioners urge that we consider the decedent Chalan's contributions as payment for services rendered to him by his parents. Their reliance on *Regent* for that contention is misplaced in light of the undisputed fact of the decedent's minority. For an adult child, services rendered to him by his parents are presumptively not rendered in the fulfillment of any obligation. However where, as in the instant

case, the child is a minor, the rendition of services to him can rest on an independent parental obligation.

Decedent's minority effectively limits our initial inquiry on appeal to the question of whether the employer carried its burden of rebutting the presumption of dependency. *Glen Irvan Corp. v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 592, 323 A.2d 405 (1974). Inasmuch as the petitioners offered no evidence that the monthly income of the parents exceeded their monthly expenses, the petitioners have not met the threshold requirement to neutralize the presumption.

Thus the parents still have the benefit of the presumption unless they have defeated it by their own testimony either on direct or on cross-examination. The parents testified that the contributions of the minor were used to defray expenses of the *entire* household, of which the deceased child was just one member. That testimony does not negate dependency. If anything, it tends to support the presumption of dependency. This case materially differs from *Botek v. Warcola, supra,* where the parents showed that the contributions were *quid pro quo* of benefits enjoyed solely by the contributing minor.

In the instant case, the referee found that the decedent's contributions were used "for his lunches *and other household expenses.*" That finding together with the evidence of an income deficit in the parents' household clearly supports the conclusion drawn by the Board that the Chalans were partially dependent upon their minor son for their support.

The final objection raised by the Borough concerns the award of additional compensation under Section 320 of the Act, 77 P.S. §672, to the parents of decedent Chalan and payable by the Borough of

Wilmore. Petitioners assert that the minority of the decedent is by itself not enough to invoke the section (erroneously referred to as §370 by the Board). We agree.

Section 320 provides as follows:

(a) If the employe at the time of the injury is a minor, under the age of eighteen years, *employed or permitted to work in violation of any provision of the laws of this Commonwealth relating to minors of such age,* compensation, either in the case of injury or death of such employe, shall be one hundred and fifty per centum of the amount that would be payable to such minor if legally employed. The amount by which such compensation shall exceed that provided for in case of legal employment may be referred to as 'additional compensation'. (Emphasis supplied).

(b) The employer and not the insurance carrier shall be liable for the additional compensation. Any provision in an insurance policy undertaking to relieve an employer from such liability shall be void.

It is clear from the plain language of this section that in order to hold an employer liable for additional compensation, the employee must be: (1) a minor and (2) illegally employed. Although the minority of decedent Chalan has been established, the Board failed to make any finding of fact or conclusion of law as to what specific feature of his employment was illegal. Respondents attempt to defend the Board's award of additional compensation by suggesting a range of possibilities which *may* have been the illegal feature of Chalan's employment as a volunteer fireman. But in the final analysis, their contentions rise no higher than mere guess and speculation.

This court will not employ conjecture and speculation to supply non-existent conclusions of law on material issues. The record as it now stands does not permit us to review the award of additional compensation under Section 320 of the Act. We therefore remand to the Board that portion of the award, and *that portion only,* to make findings of fact and conclusions of law on the issue of illegal employment.[7]

ORDER IN 1537 C.D. 1979 AND 1575 C.D. 1979

AND Now, the 2nd day of October, 1980, the order of the Workmen's Compensation Appeal Board, dated June 28, 1979, *as amended,* by the order dated August 2, 1979, granting Compensation and reasonable medical expenses to Ricky Paul New is affirmed.

It is ordered that judgment be entered in favor of Ricky Paul New and against the Borough of Wilmore and its insurance carrier, Pennsylvania National Mutual Casualty Insurance Company. The defendant Borough and/or its insurance carrier are directed to pay compensation to claimant Ricky Paul New at the rate of $124.67 per week beginning July 14, 1976 and to continue within the provisions of the Workmen's Compensation Act. Accrued compensation shall bear interest at the rate of Ten Percent (10%) per annum.

In addition to the above, the defendant Borough and/or its insurance carrier shall pay the necessary and reasonable medical, surgical, and hospital expenses as set forth in the referee's finding No. 36, those expenses totalling $16,861.54.

This Order shall be construed as a single award and judgment disposing of the appeal at No. 1537 C.D. 1979 and that at No. 1575 C.D. 1979.

---

[7] We remand for resolution of the issue because of the social policy and penal purpose of Section 320.

ORDER IN 1538 C.D. 1979

AND Now, the 2nd day of October, 1980, the order of the Workmen's Compensation Appeal Board, dated June 28, 1979, granting benefits to Frank and Rita Mae Chalan, parents of Frank T. Chalan, Jr., deceased, is affirmed in part.

It is ordered that judgment be entered in favor of Frank and Rita Mae Chalan and against the Borough of Wilmore and/or its insurance carrier, Pennsylvania National Mutual Casualty Insurance Company. The Defendant Borough and/or its insurance carrier are directed to pay compensation to the said claimant parents at the rate of $59.84 per week, beginning July 14, 1976, and continuing within the limitations of the Workmen's Compensation Act. Accrued compensation shall bear interest at the rate of Ten Percent (10%) per annum. In addition, the defendant Borough and/or its insurance carrier are directed to reimburse the claimants $1500.00 for the expense of the decedent's burial.

That part of the Board's award which granted "additional compensation" under Section 320 of the Act is reversed; and that part of the case is remanded to the Board.

ORDER IN 1539 C.D. 1979

AND Now, the 2nd day of October, 1980, the order of the Workmen's Compensation Appeal Board, dated June 28, 1979 granting benefits to Marion B. New, widow of Robert P. New, deceased, is affirmed.

It is ordered that judgment be entered in favor of Marion B. New and against the Borough of Wilmore and its insurance carrier, Pennsylvania National Mutual Casualty Insurance Company. The defendant Borough and/or its insurance carrier are directed

to pay compensation to claimant Marion B. New at the rate of $124.67 per week, measured by herself and her three minor children Robert, Diane and Paul, from June 14, 1976 to October 1, 1977; thereafter, continuing at the same weekly rate on behalf of herself and her two minor children Diane and Paul until September 20, 1984; and thereafter, at the weekly rate of $112.20 on behalf of herself and her minor child Paul, until January 1, 1987; and thereafter, at the weekly rate of $95.30 on behalf of herself indefinitely into the future, subject to the provisions of the Workmen's Compensation Act. The above award shall bear interest at the rate of Ten Percent (10%) per annum.

In addition, defendant and/or its insurance carrier shall pay claimant the sum of $1500.00 as reimbursement of funeral expenses incurred.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. Although it would be impossible not to feel immeasurable sympathy for the victims of this tragedy, I am of the view that this case is controlled by our decision in *Workmen's Compensation Appeal Board v. Mahoning Supervisors*, 24 Pa. Commonwealth Ct. 207, 354 A.2d 604 (1976).

In *Mahoning*, this Court held that "the Township cannot be said to have authorized the fire company's activity and thereby to have become the statutory employer of the claimant for purposes of workmen's compensation, *unless that authorization was expressly given.*" *Id.* at 214, 354 A.2d at 608 (emphasis in original).

Here, the Workmen's Compensation Appeal Board concluded that authorization was expressly given because the Council authorized members of the depart-

ment to "engage in the performance of *any duty* authorized by any officer . . . of the Wilmore Fire Department." (Emphasis added.) I am not of the view that this general authorization to perform duties can be construed to be an *express* authorization to participate in the activities of a fund raising picnic.