## DiGiovine v. Fumanti

*Robert A. Mazzoni, Paul R. Mazzoni* and *James J. Walker,* for plaintiff.

*William J. Dempsey,* for defendant Greenwood Hose Company.

HARHUT, *J.,* September 22, 1987—This matter comes before the court by way of defendant Greenwood Hose Company's motion for judgment on the pleadings.

Defendant argues that plaintiff's claim is barred

by the Political Subdivision Tort Claims Act of Pennsylvania, 42 Pa.C.S. §§8541-8564, which grants governmental immunity to political subdivisions.

Plaintiff's decedent, Patrick F. DiGiovine, and defendant David Fumanti were patrons at the Greenwood Hose Company picnic located on the Greenwood Hose Company grounds in Moosic, Pa. Defendant Greenwood Hose Company had a license to sell alcoholic beverages at the picnic.

Plaintiff alleges that defendant David Fumanti was served alcoholic beverages by members of the Greenwood Hose Company or its agents while he was visibly intoxicated. Decedent rode as a passenger in defendant Fumanti's vehicle after leaving the picnic. Defendant Fumanti lost control of his vehicle and struck a utility pole two-tenths of a mile from the Greenwood Hose Company picnic grounds. Decedent sustained serious injuries and subsequently died.

In considering a motion for judgment on the pleadings, the court has the obligation to take all reasonable inferences in favor of the non-moving party. *Thomas Merton Center v. Rockwell International Corp.,* 280 Pa. Super. 213, 421 A.2d 688 (1980). In a motion for judgment on the pleadings, the moving party admits the truth of all the allegations of his adversary and the untruth of any of his allegations which have been denied. *Tate v. Commonwealth of Pennsylvania Board of Probation and Parole,* 40 Pa. Commw. 4, 396 A.2d 482 (1979).

Under Pa.R.C.P. 1034, a motion for judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be fruitless. The court must consider only the pleadings themselves and any documents attached. *Merton,* 280 Pa. Super. at 213, 421 A.2d at 688.

In 1981, the legislature passed the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§8541-64. 42 Pa.C.S. §8541 provides as follows:

"Except as otherwise provided in this sub-chapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." There are exceptions to the general rule of governmental immunity outlined in 42 Pa.C.S. §8542. Defendant Greenwood Hose Company contends that it is a local agency immune from suit. Plaintiff argues that the Governmental Immunity Statute does not extend to volunteer fire companies or associations for activities which are outside the realm of fire fighting activities.

Volunteer fire companies, because of their distinct creation and present relationship to municipalities, do possess governmental immunity. *Zern v. Muldoon*, 101 Pa. Commw. 258, 516 A.2d 799 (1986). Volunteer fire companies, in the performance of public fire fighting duties, exist as entities acting on behalf of local governmental units and are entitled to immunity from private causes of action. *Wilson v. Dravosburg Volunteer Fire Department No. 1*, 101 Pa. Commw. 284, 516 A.2d 100 (1986).

The issue in the case at bar is whether holding a fundraising picnic by a volunteer fire company is performance of a public fire fighting duty which would entitle that volunteer fire company to governmental immunity from private causes of action. Plaintiff maintains that serving alcohol at a fundraising picnic is an activity which is not closely connected with the fire fighting duties of a fire company.

Pennsylvania Courts have held that fire training exercises and cleaning up fuel spills on a highway

to prevent a fire are fire fighting or fire prevention type activities which are covered by the immunity statute. *Weaver v. Union City,* 102 Pa. Commw. 298, 518 A.2d 7 (1986), *Wilson v. Dravosburg Volunteer Fire Department,* supra.

This court concedes that holding fundraising picnics has been classified as a traditional and common function of a volunteer fire company. *Borough of Wilmore et al v. Ricky Paul New et al.,* 54 Pa. Commw. 145, 419 A.2d 1383 (1980). However, although an activity may be traditional and common, it is not necessarily a fire fighting activity for purposes of governmental immunity. It is traditional for many volunteer fire companies during the Christmas season to have Santa Claus travel on a fire truck through the neighborhood, but that is not a fire fighting or fire prevention activity.

The question in this case is where the line should be drawn between a necessary fire fighting activity and other activities. One can certainly argue that there is some relationship between holding a fundraising picnic and the operation of a volunteer fire company since fundraising proceeds can be used for operation of the fire company, but is it a fire fighting duty? A volunteer fire company does have to perform training exercises, clean up and perform other fire related duties since volunteer fire companies are set up specifically to prevent and fight fires, but it is not necessary to sell alcohol at a fundraising picnic, notwithstanding the fine civil duty performed by our volunteer fire companies. This court does not believe that a volunteer fire company which holds a fundraising picnic where alcohol is served to patrons is performing a public fire fighting duty, for which governmental immunity would attach. Defendant Greenwood Hose Company's mo-

tion for a judgment on the pleadings is, therefore, denied.

### ORDER

Now, this September 22, 1987, after considering the arguments and briefs of the parties it is hereby ordered that defendant Greenwood Hose Company's motion for judgment on the pleadings is hereby denied.