**Barry SWISHER (Deceased), Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (STRICK CORPORATION, ORION GROUP), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 21, 2001.

Decided Nov. 15, 2001.

Reargument Denied Jan. 14, 2002.

Michael G. Leonard, Hughesville, for petitioner.

Ralph J. Johnston, Jr., and Cheryl A. Sobeski-Reedy, Kingston, for respondents.

Before: COLINS, Judge, McGINLEY, Judge, RODGERS, Senior Judge.

RODGERS, Senior Judge.

Cloyd and Geraldine Swisher (Claimants) petition for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a workers' compensation judge (WCJ) that denied Claimants' fatal claim petition requesting benefits as a result of the death of Barry Swisher (Decedent), Claimants' son. We reverse and remand.

Decedent was fatally injured in the course of his employment with Strick Corporation (Employer) on March 28, 1998.[1]

---

1. Decedent died as a result of injuries received when he was pinned against a dumpster by the forklift he was operating.

On May 6, 1998, Claimants filed a fatal claim petition alleging dependency. In its answer Employer did not dispute that Decedent died as a result of his work-related injuries. Rather Employer questioned whether Claimants were financially dependent on Decedent at the time of his death. The matter was assigned to a WCJ for hearings.

Claimants testified on their own behalf and presented the deposition testimony of Scott Swisher, Steven Swisher (Claimants' other sons) and Dale Stugard, Claimants' son-in-law. They also submitted into evidence documentation showing their income and expenses, including their tax returns. Based on the evidence presented, the WCJ found that at the time of his death Decedent, who had worked for Employer for ten years, was 33 years of age, single, without children and lived with his parents on the 100 acre family farm, never having resided anywhere but on the family farm. Decedent had three brothers and two sisters.

The WCJ further found that Claimant, Mr. Swisher, was 68 years, had lived on the family farm since he was two years old and had purchased the farm from his parents in 1955. Mr. Swisher had also worked for Employer for about four years and that since his retirement he had not worked for any other employer other than on the family farm. Claimant, Mrs. Swisher, retired from Millville Heath Care Center on March 1, 1998 and since then has had no other employment. Claimants own the farm, their house and their vehicles and have no debt. They paid their own personal expenses without monetary contributions from Decedent, but Decedent was the major provider of labor, tending the cultivation of 18 to 22 acres of corn, 18 to 22 acres of oats with the balance of the acreage producing hay, timothy, clover and alfalfa. Beef cattle, pigs, chickens and ducks were also raised on the farm.

The WCJ further found that Decedent worked ten-hour shifts beginning at 3:30 p.m. for Employer, spending the rest of his time tending the livestock and crops. He also was involved in the farm's management decisions. Decedent personally purchased equipment and paid for parts and repair to machinery. He also built a pole barn without any monetary contribution from his parents. Claimants' other children provided some assistance with the farm work.

The WCJ formulated findings concerning Claimants' income and expenses, recognizing that Claimants' tax returns revealed that the farm lost money in 1998 and the three years preceding that year. The WCJ also found that Mr. Swisher had Social Security benefit income of $574.00 per month, that Mrs. Swisher had Social Security benefit income of $381.33 per month, and that together Claimants received $148.00 per month from investments for a total income of $1,103.33 per month. As for expenses, the WCJ reviewed Claimants' exhibit # 5, which set forth expenses totaling $1532.96 per month. However, the WCJ deducted expenses listed in exhibit # 5 that he attributed to the operation of the farm, accepting only $877.00 as the total of monthly expenses for the ordinary necessities of life that would appropriately maintain Claimants' established standard of living. As part of the conclusions of law, the WCJ set forth the following:

5. The WCJ concludes that the operation of the farm was not an activity engaged in by Mr. and Mrs. Swisher as a manner meeting their monthly expenses. The farm consistently operated at a loss and was reported as a losing enterprise by Mr. and Mrs. Swisher on a regular basis on their income tax re-

turns. Although the WCJ understands the desire of Mr. and Mrs. Swisher to continue to operate the family farm as a matter of tradition and desired life style, the WCJ concludes that the necessary living expenses of Mr. and Mrs. Swisher of $877.06 are adequately met by their income of $1103.33 a month from their retirement and investment income sources.

6. The WCJ concludes that the farming income and the farming expenses are irrelevant in determining whether Mr. and Mrs. Swisher were financially dependent to any extent on the contributions of their son, Barry Swisher, as required by the Pennsylvania Workers' Compensation Act [Act[2]] and the judicial interpretations of that statute.

(WCJ's decision, p. 5). The WCJ considered Claimants' arguments based on *Wingert & Brechbill v. Workmen's Compensation Appeal Board*, 44 Pa.Cmwlth. 55, 402 A.2d 1157 (1979), and *Dunbar v. B.A. Jacobson, Inc.*, 106 Pa.Super. 95, 161 A. 431 (1932), concluding that both cases involved the contributions of minors to their parents who were financially dependent on the farm operations to meet their necessities of life. Based on these conclusions, the WCJ determined that Claimants were not dependent on Decedent and, therefore, denied the petition. The Board affirmed.

Claimants now appeal to this Court,[3] and argue that the WCJ erred as a matter of law in concluding that Claimants' established standard of living did not include the continued operation of the family farm. Claimants also argue that the WCJ should not have removed the farm operating expenses from their list of monthly expense and should have considered the monetary value of Decedent's contributions.

Claimants first cite Section 307 of the Act, 77 P.S. § 561, which delineates the persons entitled to compensation on the death of an employee. That section states in pertinent part that:

5. If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, *if dependent to any extent upon the employe at the time of the injury,* thirty-two per centum of wages but not in excess of the Statewide average weekly wage: Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed: And provided further, That if the father or mother was totally dependent upon the deceased employe at the time of the injury, the compensation payable to such father or mother shall be fifty-two per centum of wages, but not in excess of the Statewide average weekly wage. [Emphasis added.]

Claimants also rely on *Dunbar* and *Wingert,* as they did before the WCJ, describing the factual patterns in the two cases and comparing them favorably to the situation here. These two cases involved minor children, a fact that carries with it the presumption of dependency where contribution has occurred. The burden then shifted to the employer to rebut the presumption of dependency. Although these cases are distinguishable because the decedents were minors, the import with regard

---

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1—1041.4, 2501—2626.

3. Our review of a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988).

to the present matter is the court's statement that "services and labor performed by a minor son on his parents' farm constituted 'contributions' within the meaning of the Act." *Wingert*, 402 A.2d at 1159 (citing *Dunbar*). Therefore, regardless of the fact that *Wingert* and *Dunbar* involved minor decedents, we conclude that services and labor can in other situations be considered contributions.

Claimants next rely on *Lineal Industries, Inc. v. Worker's Compensation Appeal Board (Essel)*, 542 Pa. 595, 669 A.2d 329 (1995), the Supreme Court's most recent pronouncement on the dependent parent issue. The *Lineal* court, quoting with approval *Leipziger v. Workmen's Compensation Appeal Board*, 12 Pa.Cmwlth. 417, 315 A.2d 883, 885 (1974), stated:

> The test of dependency is whether or not the child's earnings were needed to provide the parents with some of the *ordinary necessities of life suitable for persons in their class and position,* and that the parents were, consequently, dependent to some extent upon the child at the time of the accident causing his death.... *If the contribution of the deceased child were necessary to maintain the parents in an established reasonable standard of living, this existing standard must be considered in determining the necessity for such contribution from the child.*

*Lineal*, 542 Pa. at 599, 669 A.2d at 331 (emphasis added).

In *Lineal*, the court held that a monthly payment for a trailer-vacation home should be included in the dependency calculation because it was a financial reality and a financial burden at the time of the claimant's son's death. The court further held that it was an expense appropriate to the claimant's life circumstances that was incurred at a time when she reasonably expected to be able to pay for it and, thus, was not an unreasonable expense included for purposes of calculating her dependency.

Both Claimants and Employer rely on *Lineal*, but rely on different parts of the paragraph quoted above. Claimants emphasize the second italicized portion, while Employer relies on the first. However, our reading of *Lineal* leads us to conclude that Claimants' interpretation is the correct one. Claimants' farm expenses are appropriate to their life circumstances. They have been incurring these expenses for years and reasonably expected that they could afford them with the contributions made by Decedent. We conclude that Claimants are entitled to the benefit of their farm just as the Supreme Court held that the claimant in *Lineal* was entitled to the benefit of her vacation-trailer.

We also note that the WCJ in Finding of Fact No. 16 accepted as credible Claimants' expenses as listed in their exhibit no. 5, which included expenses involving the farm operation and found that all the expenses were actually incurred by Claimants. We, therefore, conclude that the WCJ erred in eliminating these expenses in his calculation of Claimants' expenses for dependency purposes. We also conclude that Decedent's contribution, although not calculated in monetary terms, must be evaluated.

Accordingly, we reverse the Board's order affirming the WCJ's decision and remand the matter for a calculation of benefits, taking into consideration Claimants' farm expenses and Decedent's contribution in helping to maintain Claimants' family farm.

## ORDER

NOW, November 15, 2001, the order of the Workers' Compensation Appeal Board in the above-captioned case is hereby re-

versed and the matter is remanded for a calculation of benefits in accordance with the forgoing opinion.

Jurisdiction relinquished.